M. J. JOHNSON AND OTHERS v. N. W. NEWMAN AND
OTHERS.

1. Bills of exception taken upon rulings of the court below upon questions of evidence must state the objections there raised; otherwise, they will not be regarded in this court

2. In a suit of trespass to try title, the defendants not only pleaded not guilty, but asserted title in themselves and prayed relief against the plaintiffs. The court below instructed the jury as to the form of a general verdict for either side, and moreover charged them, in case the plaintiffs had failed to make out their title and defendants had established theirs, to return as their verdict a finding "for the defendants on their plea in reconvention." The verdict was a mere general finding "for the defendants;" but the court not only rendered a general judgment that the plaintiffs take nothing, but decreed title to the defendants, and canceled the plaintiffs' claim as a cloud, etc. *Held*, that the judgment was not supported by the verdict, and was erroneous. The verdict merely found that both parties had failed to make out their titles, and it authorized only a general judgment in favor of the defendants. And the judgment is reversed, notwithstanding that it might not, if affirmed, prejudice the plaintiffs in a second action.

APPEAL from Henderson. Tried below before the Hon. John G. Scott.

For practical purposes, the opinion sufficiently states the facts of the case.

*W. M. Walton,* and *T. B. Greenwood,* for the appellants.

*T. J. Word,* and *A. M. Jackson,* for the appellees.

WALKER, J.—This is an action of trespass to try title, appealed from the District Court of Henderson county.

The plaintiffs below appealed from the judgment of the district court.

The case has been very ably argued before us, and

that under circumstances of embarrassment both to the counsel and the court, resulting from the fact that the bills of exceptions do not set out the objections which were raised on the trial to the admission of the deeds from Thomas S. Mitchell to W. H. Jack, and from Jack to Sawyer. The learned counsel have with great ability discussed the objections which probably were urged and acted upon by the court below ; but we think it would be encumbering the court by a bad precedent if we should pass upon the questions thus presented, however clearly we may have been made to comprehend them.

We will not, therefore, undertake to say whether the judgment of the court in excluding the deeds from Mitchell to Jack and from Jack to Sawyer was right or not.

But our duty at the same time requires that we should examine the record and pass upon all such questions as are made obligatory upon us to decide.

The defendants below filed the ordinary plea of "not guilty," and in addition they plead, by way of reconvention, title in themselves.

Both parties deraign title from a common source— through Thomas S. Mitchell.

The court charged the jury as follows : " If the jury find that the plaintiff has failed her title, you will say by your verdict, 'We, the jury, find for the defendant.' (This should probably read, ' If the plaintiffs have failed to make out their title.') 2. If you find that the plaintiff has failed to make out his title and defendants have made out theirs, you will say by your verdict, ' We, the jury, find for the defendants on their plea in reconvention.' If you find that the plaintiffs have established their title, you will say, ' We, the jury, find for the plaintiff,' and sign the name of your foreman."

Under the charge of the court, the verdict of the jury is as follows:  "We, the jury, find for the defendants. S. Y. HOPPER, foreman."

The judgment of the court upon this verdict is as follows:  "It is therefore considered, adjudged and decreed by the court, that the said plaintiffs take nothing by their said suit, and that the said defendants do have and recover of the said plaintiffs all costs in this behalf expended.  It is further considered, ordered and decreed by the court, that the titles set up by said plaintiffs, except the patent for the land issued by the government, do form and cast a cloud and shadow upon the title of the said defendants, and that the same are ordered to be canceled and declared to be of no validity and for nought held; and that the said patent be delivered up to the said defendants.  And it is further ordered, that the said defendants have leave to withdraw from the papers in this cause all the deeds, titles and evidence of titles filed by them in the papers of this case, upon leaving with the clerk of this court, and filing with the papers of this cause, certified copies of the papers so withdrawn."

The instructions of the court to the jury were correct, clear and explicit; the verdict of the jury, so far as it relates to its form, is equally so; but the judgment of the court is clearly erroneous.

The court could imply nothing from the verdict, other than that the plaintiffs had failed to make out a title on which they could recover, and that the defendants had also failed to make out a title under their plea of reconvention.

The verdict of the jury left the parties precisely where they stood before they came into court, except that the defendants had a right to go hence and recover their costs.

It is unnecessary to say how far the plaintiffs might be affected by this judgment, if affirmed, in their second action to try title to land. A judgment which is wrong in itself ought not to be affirmed upon the mere supposition that it cannot injuriously affect the rights of the parties in a subsequent action touching the same subject matter.

It is easy to conceive wherein a judgment might be so utterly wrong and oppressive as to put it beyond the power of the injured party to pursue his remedy further. The authorities referred to are not precisely to the point. The case of Claiborne v. Tanner's heirs, 18 Texas, 68, is most nearly so, but it differs from the case at bar in this, that the finding of the jury in the reported case was so imperfect that the court could not have rendered a proper judgment on it. A slave had been given to the wife by her father ; the husband and wife joined in a bill of sale of the slave, in part payment of a tract of land ; the slave being the separate property of the wife, the husband gave his note for the balance of the purchase money for the land ; this note was sued upon, the wife not being made a party to the suit ; the land was sold on execution ; the jury were required to find the value of the community interest in the land, and that of the separate interest of the husband and wife—the wife's interest not being subject to sale for the husband's debt.

In deciding this case, the court say : " There are matters of fact to support the judgment, and which go to constitute its basis, which are not admitted by the pleadings, nor embraced by the verdict. The judgment, in fine, is based upon the finding of the issues of fact by the court, not found by the jury. Nor is the finding of the jury sufficient to enable this court to proceed to render judgment."

But in this case the court announce a general princi-
ple, not indeed necessary to the decision of the case,
but highly instructive, and containing sound principles
of law.   "There can be no clearer principle than that
where a jury has intervened, and all the issues have
been submitted to their decision, their verdict must
constitute the basis of the judgment.  The court cannot
look to the evidence on which the verdict was found, in
order to determine what judgment to render, but must
look alone to the verdict."   The authorities referred to
by appellees' counsel are not in point.  The case of
Wells *et al.* v. Barnett very correctly announces a gen-
eral principle, that the form of the verdict is not ma-
terial, if it be intelligible and sensible, and finds sub-
stantially the material issues.  This is certainly good
law, but in the case at bar there is no fault found with
the verdict, certainly not as to its form.  The question
is, could such a judgment be fairly predicated upon
the verdict, as we have in this case?

The defendants plead "not guilty" of the trespasses
charged against them, but they undertook to do more
than defend against the plaintiffs' action.  They set up
and undertook to make out title in themselves to the
land.  In this the jury, while they acquitted them of
the trespass, found nothing more in their favor.

The case of Darden v. Matthews and others is a case
in which the court, explaining the import and force of
verdicts, say: "A special verdict reiterates all the facts
alleged, which in the judgment of the jury are sus-
tained by the proofs.  A general verdict is a finding by
the jury, in the terms of the issue or issues submitted
to them, wholly or in part, for the plaintiff or defend-
ant; and in its most general form is, 'We, the jury,
find for the plaintiff;' that is, they find the material
facts in dispute, as presented in the pleadings, in favor
of the plaintiff."

But suppose there be two sets of material issues, as
in the case at bar, variant from each other, and carry-
ing with them different results to the party cast in the
action.   It certainly will not be contended that a gen-
eral verdict upon one set of issues alone would subject
the party cast in the action to a judgment upon the
issues not found against him.   But in the case at bar
an affirmative finding upon one of the issues was, under
the instructions of the court, equivalent to a negative
finding on the other; and the error of the court below
is, that instead of entering judgment for the defend-
ants, on the issue found in their favor, the judgment
was entered in their favor on the issue found against
them; and for this reason the judgment is reversed and
the cause remanded.

REVERSED AND REMANDED.