### TEXAS & PACIFIC RAILWAY COMPANY
### V. NANCY J. GAY ET AL.
#### No. 250.

**1. Fraudulent Receivership.**

The facts alleged in the petition were sufficient, if true, to authorize a finding, that "the appointment of the receiver was obtained through collusion of the parties to the suit in which the appointment was made." In such case the railway procuring such appointment would be as fully responsible during such receivership for negligence in the operation of its road, through which injury resulted to a third person, as it would be if operated under its direct management .............................................. 114

**2. Fraudulent Concealment—Limitation.**

Allegations and proof that a railway had fraudulently obtained the appointment of a receiver of its road, that it had concealed such fraud, and had falsely asserted from time to time the validity of the receivership proceedings up to the time suit was filed, will avoid the statutory limitation requiring suits for damage to be brought within one year from the time of the injury ..................................................... 115

**3. Limitation—Practice.**

A defense of limitation not asserted upon the trial will not avail on appeal or error .......... ............................................. 116

**4. Repairs After Accident.**

If error to admit as evidence of negligence the fact that the defect complained of had been supplied subsequent to the injury, yet its admission is not ground for reversal when the fact was already in evidence by the defendant. See example......... ......................... ........... 116

ERROR to Court of Civil Appeals for Second District, in an appeal from Tarrant County.

This was an appeal from a judgment for $10,000 damages in favor of Nancy J. Gay and her daughter against the plaintiff in error for negligently causing the death of the husband and father.

The principal matters discussed in this case were decided in answer to certified questions. Railway v. Gay, 86 Texas, 571. The facts are sufficiently stated in the opinion.

*Stedman & Thompson,* for plaintiff in error.—See 86 Texas, 576.

*Finch & Thompson,* for plaintiff in error.—1. The court erred in overruling defendant's plea of the statute of limitations, that more than one year and more than two years had elapsed after the cause of action herein declared upon had accrued before this defendant was sued or made a party herein; because such time having elapsed, this cause of action was barred. Rev. Stats., arts. 3202–3204.

2. Where accidents have directed the attention of the company to any portion of its roadbed or machinery that by additional safeguards might be rendered more safe, it is error to admit as testimony before the jury evidence of the fact that improvements have been made since the accident. Railway v. Burns, 4 Texas Law Rev., 56; Railway v. McGarvan, 11 S. W. Rep., 336; Greenl. on Ev., sec. 2; Hudson v. Railway, 8 Am. and Eng. Ry. Cases, 464.

*Wynne & McCart,* for defendants in error.—Defendants in error do not think plaintiff in error's contention can be sustained by a fair consideration of the state of the pleadings as appear in the record; because in passing upon the sufficiency of a petition under a general demurrer, all the allegations in the petition should be considered, and in aid of the particular part of the petition to which a demurrer and special exception is filed, all the allegations should be considered. Pennington v. Swartz, 70 Texas, 212; Rule 17 for District Courts; Martin v. Brown, 62 Texas, 467; Railway v. Morris & Crawford, 68 Texas, 59.

The above authorities are presented in reply to appellant's contention, that although no special exception was filed to plaintiffs' petition upon the ground of its failure to state facts sufficiently full to show that she had used due diligence to discover the fraud and concealment of its liability by defendant, so as to place herself within the exceptions to the operation of the statute of limitation, its special exception contained a general demurrer, and that said defects in the pleadings can be reached by a general demurrer. We reply, if this proposition is correct, which we admit for the sake of the argument, then the rule which applies to general demurrers must obtain.

We further submit, that if, as contended by appellant, the petition of appellees shows upon its face that the cause of action was barred by limitation, and also fails to sufficiently and fully aver the facts avoiding limitation, then such defects, if they really existed, could not be reached by a general demurrer. See Sasser v. Davis, 27 Texas, 657, where our Supreme Court, in discussing an analogous question to the one now under consideration, say: "The allegations of the amended petition brought the defendant within the exceptions to the general

rule in the statutes. If, however, the petition was in this respect defective, it could not be reached by a general exception, which is all that is shown by the record in this case. The contrary view of the law was taken in some of the early decisions of this court, but it was subsequently overruled by a statute passed for this purpose, by which it was enacted, that limitation should not be made available in any suit unless it is especially set forth as a defense in answer; but this by no means is to be construed as authorizing the court to sustain a general exception on the ground that it is barred by limitation, because, as in this case, it is presented as an answer of fact for the jury." Under this authority, appellant's contention must fall to the ground. Appellant only insists upon a general demurrer to said pleadings, or rather that appellant has only, in the records, a general demurrer to that part of appellees' pleadings. The above recited doctrine we have found to be in harmony with the decisions upon the subject. In Warner v. Bailey, 7 Texas, 517, our Supreme Court, in discussing the office of a general demurrer, said: "It may be regarded as settled that the office of a general demurrer in our practice is similar to that assigned to it by the common law, and the only question to be determined by it is as to whether the pleadings demurred to disclose the existence of a cause of action or a valid defense." To the same effect are the cases of Williams v. Warnell, 28 Texas, 610; Moreland v. Atchison, 34 Texas, 352; Shirley v. Byrnes, 34 Texas, 626; Robertson v. Davenport, 40 Texas, 333.

*F. W. Ball*, also for defendants in error.

DENMAN, ASSOCIATE JUSTICE.—Nancy J. Gay, for herself and minor child, Bessie Gay, on the 6th day of February, 1888, sued John C. Brown, as receiver of the Texas & Pacific Railway Company, in the District Court of Tarrant County, Texas, for damages resulting to them from the death of John M. Gay, the husband and father of plaintiffs, alleging, that Brown was appointed such receiver by the United States Circuit Court, at Dallas, and that while said receiver was operating said road, John M. Gay, being in the employ of said receiver as fireman on a train of said road, in Parker County, Texas, was killed by reason of the defective coupling apparatus allowing the engine and tender to separate, whereby he was thrown down onto the track between them.

This petition stated no cause of action, for the reason that the statute allowing damages for injuries resulting in death did not at that time include a receiver. Turner v. Cross and Eddy, Receivers, 83 Texas, 218.

Plaintiffs, on May 17, 1890, filed a supplemental petition, in answer to some pleading of said receiver, and by way of "supplementary amendment" to said original petition, making the railroad company a party defendant, and alleging, in addition to the facts set up in the

original petition, in great detail, facts sufficient, if true, to show that the Missouri Pacific Railway Company and the Texas & Pacific Railway Company, defendant herein, on the 15th day of December, 1885, through fraud and collusion, procured the appointment of said Brown as receiver of the Texas & Pacific Railway Company, ostensibly upon the ground that it was largely indebted to the Missouri Pacific Railway Company, which it was unable to pay, and that its roadbed was in bad condition and needed large sums to place it in repair, and that, unless prevented by appointment of a receiver, its officers would divert all its resources and revenues to payment of interest on its bonded debt, leaving the roadbed unrepaired; when in truth and in fact no such real indebtedness existed, and if any apparent indebtedness existed between said companies, it, as well as the condition of the roadbed, was brought about by the promoters and managers of the Missouri Pacific system, of which the Texas & Pacific Railway Company was a member, in anticipation of and for the fraudulent purpose of procuring the appointment of said receiver, so that said road should continue to be operated under the direction and in the interest of said system, free from the annoyance of its local creditors, all of which was concealed from and was unknown to the honorable judge of the Circuit Court of the United States in and for the Eastern District of Louisiana, who made said appointment.

Said supplemental petition further alleged, that while said Brown was ostensibly the receiver and officer of said court, he was, during the whole of said time, and at the time of the death of said Gay, in truth and in fact but the agent of the Texas & Pacific Railway Company and the Missouri Pacific Railway Company, and was managing, controlling, and operating said roads, and employing servants therefor on their behalf, and for their use and benefit; and that while so acting he employed deceased, Gay, on January 23, 1888, the day he was killed, said Gay being then ignorant of and having no notice of said collusive suit, and that plaintiffs were wholly ignorant of said collusive agreements at the date of filing said original petition, on February 6, 1888, and same having been concealed from them by defendants. Brown and the Texas & Pacific Railway Company, they were not aware of them until ten days before the filing of said supplemental petition, on May 17, 1890.

Said supplemental petition is very lengthy, and it would serve no useful purpose to set it out in full.

We are of the opinion that the facts alleged were, if true, sufficient to have authorized the jury to find, that "the appointment of the receiver was obtained through collusion of the parties to the suit in which the appointment was made;" and that "in such case the company would be as fully responsible for negligence in the operation of its road, through which injury resulted to a third person, as would it be if its road had been operated under the management of a superintendent appointed by its directory;" and that "the facts which show

such liability may be found in this cause;" or in other words, while the collusive decree might be binding on the parties thereto who participated in imposing upon the jurisdiction of the court, it would not be binding upon a third person, even an employe, who could show the collusion, and thereby have the receiver treated as the agent of the railroad for whose negligence resulting in death it would be responsible. Railway v. Gay, 86 Texas, 604.

No question is raised here as to the sufficiency of the petition.

Defendant Brown having died, and the cause having been discontinued as to him before trial, the remaining defendant, the Texas & Pacific Railway Company, in the trial court excepted to the petition, on the ground that it appeared therefrom that the cause of action accrued more than one and more than two years before the said railroad was made party defendant, and therefore plaintiffs' demand against it was barred by limitation. The overruling of this exception by the trial court and Court of Civil Appeals is here assigned as error.

The cause of action accrued January 23, 1888, the date of Gay's death, and the suit was not instituted against the railroad defendant until April 24, 1890, the date of filing the first supplemental petition aforesaid, and the period of limitation is one year as to the surviving wife, who is not claimed to have been laboring under any disability.

If for any cause the wife's claim was not barred, of course the child's would not be, and therefore it will not be necessary for us to notice the sufficiency of the facts stated to constitute a plea of minority.

According to the case made by the petition, plaintiffs' cause of action *depended* upon the collusion and fraud in securing the appointment of the receiver, whereby, and only by reason thereof, such receiver became, as to plaintiffs, the mere agent of the Texas & Pacific Railway Company, defendant.

The petition further charges, that defendant railroad concealed said fraud and collusion from plaintiffs, and they did not discover same until within ten days of the filing of said supplemental petition against said railroad, and that during all of said time said railroad was holding out said receiver as its lawful receiver, and denying that he was its agent for whose negligence it was liable to plaintiffs.

Thus we have the defendant charged with (1) having collusively and fraudulently imposed upon the court, whereby it secured the appointment of a receiver, whose agency the law estopped it from denying, by reason of the secret fraud in the means used and purpose actuating it in securing the appointment; (2) having concealed such secret fraud from plaintiffs; and (3) with having denied such agency and affirmed the validity of said receivership, notwithstanding its knowledge of the real facts, when it was aware of the fact that plaintiffs were being misled, by reason of the apparent validity of the receiver's appointment and defendant's acquiescence therein, into prosecuting their claim against the ostensible receiver, instead of the defendant railroad company.

If the facts alleged be true, the appointment was a fraudulent imposition upon the court, and the subsequent holding out to the plaintiffs of its real agent, Brown, as its receiver, was a continuing fraudulent concealment of the true facts constituting plaintiffs' cause of action against the Texas & Pacific Railway Company, and excepted the plaintiffs' claim from the operation of the statute, there being nothing in the case charging plaintiffs with negligence in failing to discover the concealed fraud, and therefore the exception was properly overruled. Railway v. Gay, 86 Texas, 608.

Defendant also *pleaded* limitation; but there is nothing in the record to show that such defense was urged or called to the attention of the court or jury on the trial. It is not mentioned in the charge of the court, no charge was asked by defendant on such issue, nor was the fact that the charge of the court authorized a recovery upon a state of facts in which the issue of limitation was not included, assigned as error in the Court of Civil Appeals. Therefore the Court of Civil Appeals properly declined to consider the question as to whether the evidence showed the claim to have been barred, and it will not be considered here.

The accident appears to have happened by reason of the fact that the coupling pin worked up so as to let the bar connecting the engine and tender slip out, thereby allowing them to separate so that deceased fell between. The negligence was claimed by plaintiffs to consist of the fact that said pin did not have a slot and key in the lower end of it to prevent its working up. It appears to have been conceded that there was no slot and key in the pin, but whether it was negligence to use it without them was a disputed question of fact.

Under this state of the evidence, defendant read the deposition of Singleton, one of its witnesses, who, in answer to a cross-interrogatory, said, "we try to use slots and keys in all our pins now." Defendant having read this answer to the jury, we think it should be considered as if given in answer to a direct interrogatory, for defendant was not bound to read the answers to cross-interrogatories.

Defendant next read in evidence the deposition of Dehn, one of its witnesses, with the exception of the following answer to one of the cross-interrogatories, which plaintiffs then offered to read, to wit: "We use slots and keys now on all engines;" to which evidence defendant objected, on the ground that the same "was not competent," which objection the court overruled and allowed the answer to be read by plaintiffs, to which defendant duly excepted. We are of the opinion that the objection was sufficiently specific to require the exclusion of the testimony, if the fact, that after the accident the company began to use slots and keys in the pins, was not admissible on the issue of negligence; but we are also of the opinion, that since defendant had already shown the same fact by its own witness, Singleton, and there was no attempt made to withdraw or dispute Singleton's statement, no injury could have resulted to defendant from the admission of Dehn's

statement, for its exclusion would have left Singleton's statement un-disputed, and, since introduced by defendant, conceded to be true.

We do not wish to be understood as holding that such evidence was not admissible, as each member of this court is strongly inclined to the opinion that the cases excluding such testimony are not founded upon sound reasoning.

The other questions raised by the application are disposed of, ad-versely to plaintiff in error, in the former opinion in this case on cer-tified questions. Railway v. Gay, 86 Texas, 571.

The judgment is affirmed.

*Affirmed.*

Delivered March 18, 1895.