<hr />

JOHN B. CEFALU and Another v. FITZSIMMONS–DERRIG COMPANY.[1]

July 15, 1896.

Nos. 9921—(208).

### Sale—Acceptance—Waiver—Liability of Purchaser.

The defendant, a dealer in fruit at Duluth, ordered from the plaintiffs (wholesalers at New Orleans) a car of good Honduras bananas, to be shipped to St. Paul in care of the Duluth railway. They were so shipped, received by the railway, and carried to Duluth; where they were for the first time inspected, and found not to be as ordered. Thereupon the defendant wired the plaintiffs as follows: "Car bananas here, subject to your order. Not a first-class bunch in the car;" and received in reply the following telegram: "Take fruit. Will write." The defendant then took and disposed of the fruit. *Held*, that an acceptance or rejection of the fruit at St. Paul was waived, and that the defendant is liable only for the reasonable value of the fruit.

[1] Reported in 67 N. W. 1018.

Appeal by defendant from an order of the district court for St. Louis county, Morris, J., denying a motion for a new trial. Reversed.

*Draper, Davis & Hollister*, for appellant.

*Alford & Hunt*, for respondents.

BUCK, J. The plaintiffs were wholesale fruit dealers at New Orleans. The defendant, on June 5, 1894, sent them the following telegram, viz.: "Jno. B. Cefalu & Bro.: Ship car of good Honduras bananas to-day or to-morrow to us, at St. Paul, care of St. Paul & Duluth Railroad. Advise." In response to this order, the plaintiffs the next day shipped a car load of bananas, as directed. At St. Paul the railroad company received the bananas, and carried them to Duluth, pursuant to a prior arrangement between the railroad company and defendant. When the bananas arrived at Duluth, the defendant immediately claimed that the bananas were of an inferior quality, and not according to the kind ordered, and forthwith telegraphed plaintiff as follows: "Car bananas here, subject to your order. Not a first-class bunch in the car;" and the respondent answered as follows: "New Orleans, La., June 13, 1894. Fitzsimmons-D. Co., Duluth: Take fruit. Will write." Thereupon the appellant had the car unloaded, putting the fruit in the banana rooms, and handled it in the usual way to ripen it, and fit the same for market, as it contended.

Appellant claims that it understood respondents' telegram to mean that it should receive the fruit, not as its own, to handle for respondents; that it did sell the fruit at the best advantage, and account to respondents for the proceeds, less a reasonable commission. Respondents' contention is that appellant handled the fruit as its own, and brought an action for the difference between what appellant accounted for and paid, and the invoice price, amounting to $207.90. Evidence having been given in support of the respective claims, the court directed a verdict in favor of the respondents for $207.90 and accrued interest. There was no contention but what the bananas were billed at the market price if they had been of the kind and quality represented by plaintiffs, and the defendant admitted that if there was a complete sale, and no other arrangements made, it would be bound by the price at which they were billed.

The principal controversy is over the question of the place of de-

65 M.—31

livery and acceptance, and the subsequent conduct of the parties in relation to the bananas. It is doubtless the true rule of law that, on a sale of goods, the place of delivery is the place of inspection and acceptance or rejection, but the rule can be waived by the acts or agreement of the parties. When the plaintiffs were notified by defendant that there was not a first-class bunch of bananas in the car, and that they were in Duluth subject to plaintiffs' order, the plaintiffs might legally have insisted upon the acceptance or rejection of the fruit at St. Paul, the place of delivery; but, instead of so doing, they wired defendant to "take fruit; will write." The fair inference to be drawn from such a telegraphic communication is that plaintiffs wished the defendant to take the fruit at all events. Defendant, instead of accepting or rejecting the fruit at St. Paul, chose to reject it, as not being in accordance with the conditions of purchase. Where was defendant to take it, then? The answer is, at Duluth. The fruit was there; the defendant was there; and there is where the telegram was sent, to take it. Therefore sufficient appears to show that plaintiffs waived its acceptance or rejection at St. Paul. And the fair inference from defendant's telegram to plaintiffs, that the fruit was at Duluth, subject to their order, is that it rejected or refused to accept it. Then, if, upon the request of the plaintiffs, it took the fruit, and used or sold it, it would be liable for its fair, reasonable value, and not the market price for which it was billed. But, if the minds of the parties did not meet as to just what disposition should be made of the fruit, still, as plaintiffs had waived its acceptance or rejection at St. Paul, and requested defendant to take the fruit at Duluth, which it did, and used it, it would then only be liable for its reasonable value, after deducting a fair and reasonable compensation necessary for taking care of and preserving or disposing of it.

We have examined the other questions discussed, but do not think that they are necessarily involved in the disposition of the case.

Our conclusion is that the order appealed from should be reversed. So ordered.