JOHN B. CEFALU and Another v. FITZSIMMONS–DERRIG COMPANY.[1]

December 2, 1897.

Nos. 10,754—(111).

Sale—Evidence of Identity.
The evidence on a certain issue *held* conclusive.

Appeal by plaintiffs from an order of the district court for St. Louis county, Searle, J., denying a motion for judgment for plaintiffs notwithstanding a verdict for defendant or for a new trial. Affirmed.

*Alford & Hunt,* for appellants.
*Draper, Davis & Hollister,* for respondent.

[1] Reported in 73 N. W. 648.

MITCHELL, J.

This case was here on a former appeal. 65 Minn. 480, 67 N. W. 1018. The only issue on the last trial was whether the bananas shipped by plaintiffs were of the grade and quality ordered by the defendant. The fruit was shipped, as per defendant's order, from New Orleans consigned to St. Paul care of St. Paul & Duluth Railroad Company, with which the defendant had an arrangement to forward it to Duluth. As the bananas arrived in Duluth in different cars from those in which they were shipped from New Orleans, they must have been transferred by the St. Paul & Duluth road at St. Paul, assuming that the bananas which arrived at Duluth were the same as those shipped at New Orleans. The evidence for plaintiffs as to the grade of the bananas all referred to those shipped by them at New Orleans, while that for the defendant all referred to those received at Duluth.

As the defendant's witnesses were unable to testify of their own knowledge that those received were the same as those shipped, the point is made that their identity was not proven, or, at least, that the question was one for the jury. The substance of the assignments of error is that the court erred in not submitting that question to the jury.

The point is evidently an afterthought, and there may be doubt whether any such question was in issue under the pleadings. But, assuming that it was, still the evidence made out a prima facie case of identity. It appeared that defendant never ordered or received any other bananas. The bananas arrived in Duluth in due course of transportation between the two cities. The fruit was of the same kind (Honduras bananas), although, according to the conflicting evidence of the parties, not of the same grade. The number of bunches (510) shipped from New Orleans was the same as that received at Duluth. In view of the extreme improbability that the St. Paul & Duluth Railroad Company would forward different bananas from those received by it, this made out a prima facie case, which was in no way rebutted.

Order affirmed.