PORTER et al. v. NORMAN.

(Court of Civil Appeals of Texas. March 25, 1911.)

1. FRAUDS, STATUTE OF (§ 23*)—PROMISE TO PAY ANOTHER'S DEBT.

To take an oral promise to pay another's debt out of the statute of frauds (Rev. St. 1895, art. 2543), it must be original; a promise to "secure the payments" for merchandise sold another being insufficient.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 18; Dec. Dig. § 23.*]

2. APPEAL AND ERROR (§ 499*)—EXCLUSION OF EVIDENCE—NATURE OF OBJECTIONS.

Exclusion of depositions cannot be reviewed where the bill of exceptions fails to show the nature of the objection sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2297; Dec. Dig. § 499.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error to an instruction not followed by a statement will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. TRIAL (§ 242*) — MISLEADING INSTRUCTIONS.

An instruction misleading the jury to believe that failure of codefendants to defend authorized recovery against defendant is erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576; Dec. Dig. § 242.*]

Appeal from Mitchell County Court; R. H. Worthington, Judge.

Action by J. D. Norman against J. N. Porter and others. · Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Grogan & De Bogory, for appellants. Thurmond & Merchant, for appellee.

CONNER, C. J. Appellee instituted this suit upon a verified account for merchandise furnished by him to two Mexicans, Bob and Joe Rosalis, who were working for appellant. Among other things, appellant, who was sued together with the Mexicans, pleaded the statute of frauds, but the verdict and judgment were against him, and he has appealed.

[1] In submitting the issue of the statute, the court charged the jury as follows: "Gentlemen, if you believe from the evidence that the defendant J. N. Porter did on or about the 18th day of January, 1908, in Mitchell county, Tex., orally or otherwise, agree to pay, or secure the payments, of merchandise purchased by the Mexicans, Bob and Joe Rosalis, from the plaintiff, J. D. Norman, as shown by the verified account herein filed, you will find for the plaintiff for the amount due as shown by said verified account." In view of the testimony, we think this charge was clearly erroneous. The testimony of appellee clearly intended to show an original promise on the part of the appellant to pay for the merchandise sold to the Mexicans, but appellant's testimony as clearly tended to show that he only orally guaranteed or promised to secure the payments in part. The statute (Revised Statutes 1895, art. 2543) declares that no action shall be brought in any of the courts to charge any person upon a promise to answer for the debt, default, or miscarriage of another, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized. To take the case out of the statute the oral promise must be an original one. The merchandise must have been advanced to the Mexicans upon the faith of a promise on appellant's part to himself pay for them, and not merely to "secure the payments" as authorized by the court's charge. See Rentfrow v. Lancaster, 10 Tex. Civ. App. 321, 31 S. W. 229; Dabney v. Conley, 65 S. W. 1124.

[2] For the error above noted, the judgment must be reversed and the cause remanded, but, in view of the new trial, there are several other questions raised by the assignments that should be noticed. Defendants offered depositions of W. P. Mahaffey, S. E. Adcock, and R. H. Locke attacking the general reputation of appellee for truth and veracity in a community in which he had lived some years previously. The court· excluded the testimony, but the· bill of excep tions fails to state what the objection was that the court sustained, and we therefore are unable to say that error was committed Johnson v. Newman, 35 Tex. 166; H. & T. C. Ry. v. Williams, 31 S. W. 557.

Appellee's special charge No. 1 given by the court is subject ·to the same objection

that we have noted to the court's general charge, and should not have been given.

[3, 4] No statement follows the fifth assignment questioning appellee's special charge No. 2 given by the court, and it is therefore not considered, but we think special charge No. 3, given at appellee's request and questioned in the sixth assignment, was to say the least of it misleading, in that the jury may have inferred therefrom that the failure on the part of the Mexicans to make any defense authorized a recovery against appellant. In view of what we have said relating to the court's charge on the main issue in the case, we think it unnecessary to discuss the special charge requested by appellant to the refusal of which error is assigned.

It is ordered that the judgment be reversed and the cause remanded for a new trial for the reason stated.