GONZALES v. GARCIA.   (No. 5518.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 3, 1915.)

FRAUDS, STATUTE OF ⊜⟹23—PROMISE TO ANSWER FOR ANOTHER'S DEFAULT — ORIGINAL OR COLLATERAL PROMISE.

Where a Mexican colonel, desiring the services as soldier of a person under indictment, induced plaintiff to sign such person's bail bond as a surety, by promising to pay any sums for which plaintiff might become liable on account of the forfeiture of the bond, the contract was an original one, not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 18, 19; Dec. Dig. ⊜⟹23.]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Pilar Garcia against Clemente G. Gonzales. Judgment for plaintiff, and defendant appeals. Affirmed.

A. Winslow, of Laredo, for appellant. Wilmer Threadgill, of Laredo, for appellee.

FLY, C. J. This is a suit, instituted by appellee against appellant, for the recovery of $278.40. The case was tried before the court without a jury, and judgment was rendered for appellee against appellant for the sum of $253.46.

The only point in the case is as to whether appellant is responsible to appellee on an oral promise made by him to appellee to reimburse him for any sums that he might pay out on account of the forfeiture of a bail bond by Maximo Martinez, who was under indictment. Appellee was induced, by the promise of appellant to pay any sums for which he might become liable on account of the forfeiture of the bond, to sign the bond as a surety. The bond was forfeited, and appellee was compelled to pay the amount of it.

Appellant pleaded, among other things, the statute of frauds, in that the promise made by him to appellee was not in writing. The contract was an original one between appellant and appellee; the consideration being that appellant, who was a colonel among the Mexicans, desired Martinez's services in Mexico as a soldier. The contract did not come within the purview of the statute of frauds, and appellant, upon the forfeiture of the bond and the payment of the amount of it by appellee, was liable to him for that amount. Porter v. Norman, 136 S. W. 1173; Spencer v. Nalle, 143 S. W. 991; Ferrell v. Millican, 156 S. W. 230.

The judgment is affirmed.