While I am of the opinion that it is quite proper that the defendant should be permitted to see and converse with her child at reasonable intervals, I believe that for the present the time and place when this may be should be at the discretion of the plaintiff. Too little time has elapsed since the immoral conduct of the respondent in the violation of both her marital and parental obligations and duties to modify the decree. The contention that, the appellant having voluntarily permitted the child to visit the respondent, such right should be confirmed and continued by the court, is without weight, and the order must be reversed, and defendant's motion denied.

Order reversed, and defendant's motion denied, without costs. All concur.

---

(174 App. Div. 913)

### SABOWSKA v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1916.)

1. WITNESSES ⊂═⊃370(4)—IMPEACHMENT—IMPROPER INTIMACY OF PLAINTIFF WITH PERSON OFFERED AS A WITNESS.

In an action for injuries suffered by plaintiff in being thrown from a street car while attempting to alight, evidence of plaintiff's improper intimacy with a person whom she attempted to use as a witness *held* admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1189; Dec. Dig. ⊂═⊃370(4).]

2. EVIDENCE ⊂═⊃77(6)—FAILURE TO CALL WITNESSES.

In an action for personal injuries, the jury could consider that physicians called by plaintiff's attorney to examine her were not called to testify, in connection with an instruction that the physicians could not testify without her consent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. ⊂═⊃77(6).]

Appeal from Trial Term, Kings County.

Action by Katherine Sabowska against the Coney Island & Brooklyn Railroad Company. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

William J. McArthur, of New York City, for appellant.
Harold L. Warner, of New York City, for respondent.

PER CURIAM. The verdict for defendant established that the jury disbelieved plaintiff's story of having been thrown from a street car when attempting to alight, by which she suffered injuries that led to an alleged miscarriage. Plaintiff's inconsistent statements, attempted to be supported by witnesses who claimed to have been secured through advertising, but whom plaintiff had already obtained in advance of her advertisement, showed a concerted scheme of imposition which, appearing before the trial, caused two counsel, in succession, to withdraw from the case.

---

⊂═⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] We find no error in admitting evidence from Townsend and Mrs. Paulson to contradict plaintiff's denials of having visited the witness Townsend and representing herself there as his wife. Her relations with Townsend were not collateral, as he was the person whom she originally claimed had assisted her right after the accident, and hence evidence of her prior intimacy with him, in connection with her attempt to use him as a witness, became strictly admissible. Wigmore, § 1006, note 4.

[2] Neither was there error in the charge as finally qualified. The jury were properly told that, unless plaintiff consented, the physicians whom her attorneys had called to examine her could not be required to disclose what they had thus found. The circumstance that they were not called could, with this qualification, be considered by the jury. The verdict was right.

The judgment and order should therefore be affirmed, with costs.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

