PADDLEFORD et al. v. WILKINSON.
(No. 5778.)

(Court of Civil Appeals of Texas. Austin.
April 5, 1917.)

1. INDEMNITY ⟨⟩8 — SCOPE — DIRECTORS OF CORPORATION.

A guaranty by stockholders of the directors, naming them, against personal liability on account of borrowing money to operate the company, does not extend to transactions after a change in the personnel of the directory.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 10–15.]

2. INDEMNITY ⟨⟩15(7)—ACTION—BURDEN OF PROOF.

Liability on guaranty of named directors against personal liability on account of borrowing money to operate the company, being limited to debts contracted before a change in the personnel of the directory, even if continuing as to them after the management is turned over, before such debts are paid, to the new directory, the hold-over members to recover because of payment of company indebtedness by the new directory must show the part thereof paid them which was incurred by the old directory.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 44.]

3. INDEMNITY ⟨⟩15(7)—ACTION—BURDEN OF PROOF.

Where the guaranty of directors against personal liability on account of borrowing money to operate the company is by the stockholders individually in the proportion of the shares owned by them, the directors suing one of the obligors must show the proportion for which he is liable.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 44.]

4. PLEADING ⟨⟩404—IRREGULARITY—NECESSITY OF EXCEPTION.

That exceptions were contained in a supplemental answer, instead of an amended answer, is an irregularity, so that, in the absence of exception on this account, error because of this in sustaining them is waived.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1348–1354.]

5. APPEAL AND ERROR ⟨⟩1040(1)—HARMLESS ERROR—RULINGS ON PLEADINGS.

Any error in sustaining exceptions to pleadings was harmless, where the case was thereafter heard on the merits without reference to them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089, 4097.] ·

Appeal from District Court, Coleman County; Jno. W. Goodwin, Judge.

Action by D. A. Paddleford and others against C. M. Wilkinson. Judgment for defendant, and plaintiffs appeal. Affirmed.

Critz & Woodward and Woodward & Baker, all of Coleman, for appellants. Snodgrass, Dibrell & Snodgrass, of Coleman, for appellee.

RICE, J. On the 17th day of February, 1911, certain stockholders of the Coleman Mill & Elevator Company, a private corporation, conducting business in the town of Coleman, desiring to indemnify its certain named directors against loss, made, executed, and delivered to them the following contract of guaranty, to wit:

"State of Texas, County of Coleman.

"Whereas, the Coleman Mill & Elevator Company, of Coleman, Coleman county, Texas, a corporation, duly incorporated and doing business in this state, with its principal place of business in the city of Coleman, Coleman county, Texas, and

"Whereas, it became necessary and will become necessary in the future to borrow money to operate the Coleman Mill & Elevator Company, and,

"Whereas, the directors of said company, to wit: D. A. Paddleford, J. D. Delleney, F. M. Bowen, A. D. Dunn, John Rogers, G. P. Roquemore and W. J. Coulson have already borrowed money to operate said company upon, and became personally liable therefor, and

"Whereas, the said directors above named will hereafter be forced to borrow money and make themselves individually liable for same to operate said company, and,

"Whereas, the said stockholders of said company desire to hold the said directors harmless from any personal obligations that they have already made or may become necessary hereafter to make in operating said company:

"Now, therefore, know all men by these presents: That we, the undersigned stockholders of said Coleman Mill & Elevator Company, do hereby obligate ourselves individually and in proportion to the share of stock we own, our heirs and legal representatives, to pay to the said directors above named a sum not to exceed the amount expressed in our share that each of said stockholders now hold in said company, and that this obligation and contract is to be binding on each of the undersigned stockholders to the amount of the respective share or shares in said company that he now holds upon the condition that if the said directors have to pay out on their own responsibility and individually any amount or amounts that they may become individually liable therefor by reason of signing any instrument or becoming personally liable for any debts that are due or to become due by said company, but should the said directors be not compelled to pay out any sum or sums of money individually for the debts of said company, then in that event this instrument and contract is to be null and void, otherwise to remain in full force and effect.

"Witness our hands, at Coleman, Texas, this 17th day of February, 1911." Signed by C. M. Wilkinson and 19 others.

This suit was brought by D. A. Paddleford, Jno. Rogers, G. P. Roquemore, W. J. Coulson, and R. I. Bowen and G. B. Davidson, independent executors of the estate of F. M. Bowen, deceased, against C. M. Wilkinson, to recover the sum of $1,000, being the amount of his shares of stock, alleging that they, together with S. P. Woodward and R. L. Boog-Scott, advanced and furnished, and caused to be advanced and furnished, to the Coleman Mill & Elevator Company, for the purpose of operating the business of said company, and that they and said Woodward and Boog-Scott subsequently paid various sums and obligations so incurred, which payments they allege exceeded the total liabil-

ity of the signers under the above contract. They further allege that the Coleman Mill & Elevator Company borrowed certain sums upon the indorsement of the directors named in such contract prior to the execution and delivery thereof, and they further allege that various sums of money were borrowed by said company upon the indorsements of appellants and Boog-Scott and Woodward, subsequent to the date of the execution and delivery of such contract.

Appellee, after urging numerous exceptions, specially pleaded a failure of consideration, and also alleged:

"That he was a mere surety and guarantor on said contract, and that he had been wholly released therefrom, and that the same was no longer binding on him, for the reason that the indemnities named therein never performed their part of the contract, and, without the knowledge or consent of this appellee, substituted other and different parties in the management of said company, and substituted other parties to pass upon and decide in their judgment what obligations should be executed, and represents and says that the obligees named in such contract did not incur any of the obligations sued upon in this case, but that the obligations sued upon were incurred, if at all, by other and different parties than those named therein, and the substitution of additional parties as aforesaid was a material change in the contract and obligation, and that this appellee as surety and guarantor in such contract, if ever liable thereon, was thereby released therefrom."

On a trial before a jury, the court directed a verdict in behalf of appellee, and such action of the court is assigned as error by appellants. The evidence shows that, soon after the execution of this contract of guaranty, Messrs. Dunn and Delleney resigned and R. L. Boog-Scott and S. P. Woodward were elected in their stead; and that, while numerous obligations were incurred by the Mill Elevator Company prior to the execution of this contract for which the indemnitees named therein became liable by indorsement, still none of these obligations were paid prior to said date, and were subsequently often renewed by the new board of directors and finally paid by said new board long after Messrs. Dunn and Delleney had resigned and withdrawn from the management of the company. For which reason, appellee contends that he is not liable on said contract.

[1] It appearing from the evidence that after the resignation of Dunn and Dellency the new board of directors continued to manage and operate the business of the company for several years, during which time they saw proper to renew these obligations from time to time, subsequently paying a part thereof, we think that appellee was discharged from further liability thereunder. It is well settled that a guaranty must be strictly construed, and any departure therefrom to the prejudice of the guarantor will relieve him from liability. In section 93, vol. 1, Brandt on Suretyship and Guaranty, it is said:

"A rule never to be lost sight of in determining the liability of the surety or guarantor is that he is a favorite of the law, and has a right to stand upon the strict terms of his obligation, when such terms are ascertained."

It is further stated:

"That such undertaking will not be extended by the courts beyond the necessary import of the words used. It will not be implied that the surety has undertaken to do more or other than that which is expressed in such obligation. * * * It is not sufficient that he may sustain no injury by change in the contract, or that it may be even for his benefit. He has a right to stand upon the very terms of his contract, and if he does not assent to any variation of it, and a variation is made, it is fatal."

In the instant case, appellee and the other stockholders who signed the contract undertook to guarantee the parties named therein against loss under the conditions as therein stated. It may be that they reposed special confidence and trust in Messrs. Dunn and Delleney, and for this reason executed the contract of guaranty; but this does not imply that they were willing to extend their guaranty to the management of the new board after the substitution of Messrs. Boog-Scott and Woodward. They might well claim that had Dunn and Delleney remained on these obligations would not have been renewed and extended from time to time, but would have been paid at their maturity, thus saving them from liability thereon. At any rate, we think on account of the withdrawal of Dunn and Delleney, and the substitution therefor of Messrs. Boog-Scott and Woodward, there was such a change in said contract as discharged appellee from further liability thereunder. See 1 Brandt on Suretyship and Guaranty, §§ 117, 118, 119, and authorities there collated. See, also, Mann v. Dublin Cotton-Oil Co., 20 Tex. Civ. App. 678, 50 S. W. 190; Smith v. Montgomery, 3 Tex. 199, and authorities there cited. See, also, Donley v. Bush, 44 Tex. 8; McRea v. McWilliams, 58 Tex. 333; Durrell v. Farwell, 88 Tex. 107, 31 S. W. 185, 30 S. W. 542; Gargan v. School District, 4 Colo. 56; Schoonover v. Osborne, 108 Iowa, 458, 79 N. W. 265; Crane v. Specht, 39 Neb. 131, 57 N. W. 1018, 42 Am. St. Rep. 567; Hill Merc. Co. v. Rotan, 127 S. W. 1080; Kelsay Lbr. Co. v. Rotsky, 178 S. W. 840.

It is alleged in appellants' petition that $35,940 of indebtedness was incurred by the then board of directors prior to signing the guaranty contract, and that $37,991.35 of indebtedness was incurred after said time. We gather from the statement of facts that the business of the mill company was run at a loss, and that in 1913 or 1914 its property was sold and the proceeds applied to its indebtedness, leaving some $23,000 unpaid, which has since been paid by the new board of directors.

[2] It does not appear that at the time the new board took charge the company did not have sufficient assets to pay its debts, and we think that it was the duty of the former directors, if they wished to hold the guarantors liable, to have paid such debts before turning over the management to the new board.

We think it is clear that the guarantors were not liable for the debts incurred by the new board of directors, and, even could they be held liable for such part of the unpaid indebtedness as was incurred by the old board, it was the duty of appellants to clearly show what part of the indebtedness paid by them was incurred by the directors named in the bond. This they have not done by either allegations or proof, for which reason, aside from the reason hereinbefore stated, we think appellee is not liable on the guaranty contract.

[3] Further, the obligation sued on is a joint one, and it is not made to appear what proportion thereof appellee was liable for, if any. For the reasons above stated, we think the court did not err in giving the peremptory charge complained of.

[4, 5] We overrule the first assignment, because, even if it was error on the part of the court, as contended by appellant, to sustain the exceptions contained in the supplemental answer on the ground that they should have been set out in an amended answer, still this was a mere irregularity, and in the absence of an exception on this account the error, if any, must be held to have been waived. See Baker v. Hamblen, 75 S. W. 362 et seq.; Stoker v. Patton, 35 S. W. 64. But, aside from this, it appears from the record that the court continued the cause until the next term, at which time the case was heard upon its merits, and all evidence introduced without reference to such exceptions, for which reason the ruling complained of became immaterial.

No error appearing in the proceedings of the trial court, the judgment is in all things affirmed.