### HUMPHREY v. DAVIS et al. (No. 730.)

Court of Civil Appeals of Texas. Waco.
Nov. 22, 1928.

Turner & Rodgers and C. R. Winn, all of Dallas, for appellant.

Clark & Clark, of Dallas, for appellees.

GALLAGHER, C. J. This suit was instituted by appellant, Dee Humphrey, against W. G. Davis, W. H. Johnson, Sol Dreyfus, Lawrence Pollock, Henry Jacobus, and Pollock Paper & Box Company, a corporation. None of the issues arising between appellant and appellees other than W. G. Davis are involved in this appeal, and further reference to them will be omitted.

Appellant alleged that appellee Davis, in consideration of appellant's furnishing to him certain plans, blueprints, and specifications for the construction of a building for the Pollock Paper & Box Company, a corporation, by written contract agreed to pay him the sum of $1,500 therefor. Appellant in his petition set out said written contract as follows:

"November 18th, 1926.

"Mr. Dee Humphrey, Dallas, Texas.

"Dear Sir: In connection with services rendered by you and for you securing for me the one certain set of blueprints and specifications on the Pollock Paper & Box Company's building on South Lamar Street, I agree to pay to you or to your assigns, the Commercial Trust Company, $1500.00 when I or W. H. Johnson or our assigns complete said building.

"Very truly yours,      W. G. Davis."

Appellant prayed for judgment for his debt. None of the other allegations of his petition are material to the issues presented in this appeal.

Appellee, in subdivision 1 of paragraph 3 of his answer, alleged, in substance, that on the date of said contract appellant was the employé and representative of Austin Bros.; that appellant represented that if appellee would agree to pay him said sum of $1,500 he would have his employers, Austin Bros., purchase at par $30,000 of second lien notes on the building referred to in said contract which appellee was to erect; that the steel and iron material to be used in the construction of said building, estimated to amount to $20,000, would be furnished by Austin Bros. at market price, and such second lien notes accepted in payment therefor; that appellant also agreed to furnish a certain set of plans, blueprints, and specifications for the construction of said building, which he represented were in his possession and under his control; that upon such representation and agreement

the contract sued on was written by appellant and signed by appellee. Appellee in the second subdivision of said paragraph of his answer alleged, in substance, that the term "services rendered" in said contract referred to and embraced the said obligation to have Austin Bros. purchase said second lien notes, and charged that appellant had fraudulently represented that he had arranged with Austin Bros. to have them do so. Appellee further alleged in that connection that appellant never procured an agreement by Austin Bros. to purchase said notes; that he never had the plans, blueprints, and specifications for said building, and failed and refused to deliver the same to appellee. Appellee in the remaining subdivisions of said paragraph set up a cross-action against appellant and sought to recover thereon.

Appellant replied to appellee's answer by supplemental petition, consisting of a general demurrer, twelve special exceptions, and a plea alleging, in substance, that the written contract sued on was the only contract with appellee entered into by him; that there was no prior contract between them; that he was not connected with Austin Bros. at that time; that he never agreed to procure the purchase by Austin Bros. of any second lien notes; that the sole and only consideration for the execution of the contract sued on was the right to use said plans, blueprints, and specifications in the construction of said house; and that simultaneously with the execution of said contract he delivered the same to appellee.

There was a trial to the court. The court overruled appellant's general demurrer and first special exception. Said special exception was directed to subdivision 1 of said paragraph 3 of appellee's answer. The court sustained appellant's exceptions 3 to 11, inclusive, which exceptions were directed to the remaining subdivisions of said paragraph, including subdivision 2 above referred to. The court heard the evidence and rendered judgment that appellant Humphrey take nothing against appellee Davis, and that appellee take nothing against appellant on his cross-action.

### Opinion.

Appellant presents as ground for reversal a single proposition, which is, in substance, that appellee's plea of failure of consideration was insufficient to constitute a defense to the written contract sued on, in that it fails to "set out in detail the manner in which consideration has failed." Said subdivision 2 of appellee's answer, as hereinbefore shown, consisted of an alleged explanation of the expression "in connection with services rendered by you," and a specific denial that appellant had ever procured an agreement by his employers to purchase said second lien notes, and that he ever had or delivered any blueprints or specifications for the con-

struction of said building. The only exception directed to said subdivision was contained in the third paragraph of appellant's supplemental petition, and was as follows:

"It is an attempt to change the terms of a written contract theretofore alleged by the defendants, without the supporting allegations warranting the change in the terms of said contract."

 The expression, "in connection with services rendered by you," as used in the contract sued on, is not explained therein. It is apparently a recitation of an additional consideration for said contract besides the action of appellant in securing blueprints and specifications as stated therein. It was a proper subject of explanatory allegations. Such allegations were contained in said subdivision. Appellant's exception thereto was not well taken, and the action of the court in sustaining the same, if he did in fact sustain such exception, was improper. While, as before stated, the judgment of the court recites that the exceptions contained in paragraphs 3 to 11, inclusive, of appellant's supplemental petition were sustained, the court nevertheless proceeded to hear the evidence. Practically all the evidence introduced bore on the question of whether appellant represented that Austin Bros. had agreed to cash the second lien notes, whether appellant agreed to deliver blueprints and specifications for said building, whether he did so, and whether the sketches which appellant did in fact deliver to appellee constituted blueprints and specifications within the meaning of the contract. Appellant, so far as shown by the record, voluntarily participated in a trial of the facts on which appellant's contention of failure of consideration was based. Apparently the facts on said issue were fully developed, and there is nothing in the record to indicate the contrary.

The action of the court in hearing the facts on the issue of failure of consideration and rendering judgment in favor of appellee thereon tends to indicate an error with reference to the action of the court on the particular exception under consideration as recited in the judgment. Smith v. Thompson (Tex. Civ. App.) 233 S. W. 876, 877, par. 1, affirmed (Tex. Com. App.) 248 S. W. 1070. Since the exceptions sustained were indicated in the judgment by numbers only, such an error might have occurred. Regardless of whether the details of performance contained in said subdivision were stricken out, there remained in the case pleadings raising such issue, because appellant in his supplemental petition specifically denied that he had undertaken to procure the purchase by Austin Bros. of any second lien notes and alleged affirmatively that he delivered proper plans, blueprints, and specifications to appellee at the very time the contract was signed. The court, after a full hearing, found in favor of appellee's contention that the consideration for the payment of the money promised in the contract sued on had failed, and there is evidence sufficient to sustain such finding. The case having been determined on its merits after a full hearing, and it further appearing that appellant has suffered no injury requiring a reversal of the judgment appealed from, it is therefore affirmed. Smith v. Thompson, supra; Stevens v. Triggo (Tex. Civ. App.) 296 S. W. 979, 980, par. 1; affirmed Sereno v. Triggo (Tex. Com. App.) 1 S.W.(2d) 607; Harding v. Yarbrough (Tex. Civ. App.) 293 S. W. 939, 940, par. 1; Paddleford v. Wilkinson (Tex. Civ. App.) 194 S. W. 467, 469, par. 5; Texas Brewing Co. v. Bisso (Tex. Civ. App.) 109 S. W. 270, 274 (top second column); Lawless v. Ellis (Tex. Civ. App.) 281 S. W. 1090, 1092, par. 5.