## HEMLER v. HUCONY GAS CO. et al.
### (No. 582.)

Court of Civil Appeals of Texas. Eastland.
May 24, 1929.

Rehearing Denied June 21, 1929.

Butts & Wright, of Cisco, and J. R. Stubblefield, of Eastland, for appellant.

Thomas & Shapard, of Anson, and Scarborough & Wilson, of Abilene, for appellees.

LESLIE, J. This suit was instituted by the appellant, Bettie Hemler, against the Hucony Gas Company, a corporation, and Atkinson & Sandifer Oil Corporation, the appellant alleging that she had an agreement with the appellee Hucony Gas Company for the acquiring of oil and gas leases and drilling contracts covering certain lands in Jones county, Tex., described in the plaintiff's petition. In consideration of such services rendered by her in obtaining geological investigation and in acquiring certain leases and drilling contracts, appellee Hucony Gas Company was to carry appellant for a one-fourth working interest in such leases, and appellant sued for recovery of her one-fourth undivided interest and for an accounting and partition.

The appellees, after certain exceptions and general denial, specially denied any agreement for the carrying of appellant for the one-fourth interest, but tendered appellant 5 per cent. of the purchase price of the leases acquired by appellees. The trial was before the court and jury. At the conclusion of the trial, a single issue was presented to the jury. It was as follows: "Did G. H. Johnson agree with Bettie Hemler that she should have a one-fourth working interest in the Tiner and Grayson leases, if oil or gas was found on either of said leases in paying quantities?

The burden of proof was properly placed upon the plaintiff, and the jury answered the issue in the negative. Upon the verdict a judgment was rendered in favor of the defendant, and this appeal follows.

The trial court sustained the defendants' special exception to that portion of the plaintiff's pleadings wherein she alleged that a part of the consideration given by her for the alleged contract between herself and the Hucony Gas Company was by way of her efforts and services in "preventing others from acquiring said leases" in order that the defendants herein might procure leases on said land; such land being the same in which the plaintiff here seeks to recover or establish an alleged one-fourth interest.

In an effort to have a landowner lease his property to one operator rather than another, we fail to see how it could have been illegal, immoral, or in contravention of public policy for the appellant to present to such landowner or proposed lessee her reasons why a contract with one person would probably be more advantageous or more productive of satisfactory results than a like contract with another. But, if the action of the court was error, its ruling sustaining such special exception would not necessarily require a reversal of the judgment, since it appears that upon the trial the plaintiff had the benefit of the evidence as fully as her cause of action required. The apparent striking out of that portion of the plaintiff's petition, under the circumstances, became immaterial and harmless, for, notwithstanding the ruling on the exception, the case was tried upon the matters embraced in it. McClenny v. Floyd, 10 Tex. 159; Darragh v. Kaufman, 2 Posey, Unrep. Cas. 98; Hollingsworth v. Holshousen, 17 Tex. 41; Ralls v. Parish (Tex. Civ. App.) 151 S. W. 1089; Paddleford v. Wilkinson (Tex. Civ. App.) 194 S. W. 467; Staples v. Word (Tex. Civ. App.) 48 S. W. 751; O'Brien v. Camp, 46 Tex. Civ. App. 12, 101 S. W. 557; Golden v. Odiorne, 112 Tex. 544, 249 S. W. 823 (5); Humphrey v. Davis (Tex. Civ. App.) 11 S.W.(2d) 383; Lawless v. Ellis (Tex. Civ. App.) 281 S. W. 1090.

The immaterial and harmless nature of the court's action in the above respect further appears in this: The jury, in answer to the sole issue submitted, found that the appellant had no agreement whatever with the appellees entitling her to an interest in the lease to which she lays claim in this suit.

By the second proposition, the contention is made that the court erred in permitting a witness to testify to other transactions having no connection or bearing on the issues of the case. The other transactions related to other litigation of like nature, but apparently not connected with this lawsuit. The proposition would present a serious question were it not for the fact that all the testimony was similar in nature and purport, and some of it was admitted without objections, and none of it was objected to on any particular ground, as is disclosed by the court's qualification to the bill of exceptions. The qualification sets forth a verbatim copy of the questions propounded to the witness, as well as the answers thereto. In this state of the record, the proposition is overruled upon the authority of the following opinions: Johnson v. Newman, 35 Tex. 166; Franklin v. Tiernan, 62 Tex. 92; Buckler v. Kneezell (Tex. Civ. App.) 91 S. W. 367; McAllen v. Wood (Tex. Civ. App.) 201 S. W. 433; Gulf C. & S.

944

F. R. Co. v. Rowland (Tex. Civ. App) 23 S. W. 421; Jenkins v Morgan (Tex. Civ. App.) 187 S. W. 1091; Mynatt v. Howard (Tex. Civ. App.) 273 S. W. 276.

The third proposition is addressed to the action of the trial court in permitting the defendants, on cross-examination, to propound a question which called for an answer which it is asserted was but a conclusion of the witness. We do not believe there is any merit in the contention. Further, no objection was urged to this testimony until after it was in, and no motion was ever made to exclude it. Collins v. Cook, 40 Tex. 238; Street v. Masterson (Tex. Civ. App.) 277 S. W. 407; 38 Cyc. p. 1401 (2).

By the fourth proposition the contention is made that the court erred in permitting a witness and landowner, J. H. Grayson, to be asked in the course of the trial if he ever made any character of contract or agreement with the appellant (plaintiff below), authorizing her to find a purchaser for his lease; the same being involved in this suit. The witness answered "No," and this is objected to as being a conclusion of the witness. No rights were being asserted or claimed by virtue of any contract between Grayson and the appellant, and she had previously testified: "I never discussed with any of the farmers in Mr. Johnson's presence getting a commission from the farmers, not where Mr. Johnson was concerned. I discussed with the former that I was getting an interest in the well, if it was an oil well. * * * Well, I did go to the farmers, Mr. Tiner especially, I didn't have much patience with Mr. Grayson because he had his leased."

From the foregoing, the witness and the plaintiff seemed to be in accord upon the matter of having no contract with Grayson, and we do not believe the point presents any material error.

The fifth proposition challenges the action of the trial court in permitting the witness Denny to detail certain acts and conduct claimed by appellees to reveal interest and a questionable intimacy between the plaintiff and a witness tendered by her and who was an important witness in her behalf. Both the plaintiff and the witness were interrogated along the same line before any questions were propounded to the witness Denny. It has always been competent to show the relation existing between a litigant and his witness; that is, the relations, feelings, interest, and motives that might prompt him or influence him in the giving of his testimony. The testimony in question was offered for that purpose, and it was admissible. Houston, E. & W. T. R. Co. v. McCarty, 40 Tex. Civ. App. 364, 89 S. W. 805; Cox v. M., K. & T. R. Co. of Texas, 20 Tex. Civ. App. 250, 48 S. W. 745; Clegg v. G., C. & S. F. R. Co. (Tex. Civ. App.) 127 S. W. 1100; Payne v. Bannon (Tex. Civ. App.) 238 S. W. 701; Sabowska v. Ry. Co., 174 App. Div. 913, 160 N. Y. S. 386; Bobbitt v. Bobbitt (Tex. Civ. App.) 223 S. W. 486; 240 Cyc. 2656(b).

Further, the testimony was objected to as being "irrelevant, immaterial and prejudicial." Much of the testimony was admissible as against any objection, and, the objection being to the whole thereof, the court was not required to separate the admissible from the inadmissible testimony, and for this reason the court did not err in its ruling. Galveston, H. & S. A. R. Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894; Smith v. Word (Tex. Civ. App.) 248 S. W. 734; F. & M. State Bank v. Guffey (Tex. Civ. App.) 255 S. W. 462.

By the sixth proposition, complaint is made of the admission of testimony over the appellant's objection. The bill of exceptions, by the qualification it carries, states that the same character of testimony had theretofore been admitted without objection. No error is thus presented. Johnson v. Poindexter (Tex. Civ. App.) 9 S.W.(2d) 172; Conley v. Texas Co. (Tex. Civ. App.) 289 S. W. 169; Chicago, R. I. & G. R. Co. v. Bernnard (Tex. Civ. App.) 290 S. W. 292.

Where a party accepts a bill of exception with a qualification by the trial judge, he is bound by the qualification. Watson v. Beall (Tex. Civ. App.) 279 S. W. 543.

For the reasons assigned, the judgment of the trial court will be affirmed. It is so ordered.