JULIA C. HARLE ET AL. v. TEXAS SOUTHERN RAILWAY.

Decided April 8, 1905.

**1.—Practice—Sustaining Exceptions but Admitting Evidence—Harmless Error.**

Error of the court in sustaining exceptions to certain parts of defendant's answer became immaterial where, on the trial, evidence was admitted on all the matters pertaining to defendant's rights.

**2.—Married Woman—Separate Property—Purchase of Railroad.**

Where the consideration for a purchase of the property and franchises of a railroad corporation at receiver's sale was paid out of the separate funds

of a married woman and the deed was taken in the name of a third party who bid it in for her use and benefit, she became thereby vested with the absolute title, which could be divested only by written transfer duly acknowledged by her, or by estoppel or limitation.

### 3.—Same—Conveyance with Notice—Deed only a Mortgage.

Where such third party, vested with the legal title, conveyed the property to K., who was acting for a bank, to secure a loan by it to the married woman and her husband, and after a new corporation was organized to operate the road K. conveyed the property to such new corporation, which had notice of the wife's rights, her title did not pass, the deed to K. being intended only as a security and conferring on him no power to convey.

### 4.—Same—Wife Accepting Shares of Stock—Estoppel.

The new corporation issued certificates of stock to certain parties, among them the wife, who endorsed in blank those issued to her and they were hypothecated by her husband, part of them being placed with K. to secure the debt due the bank, in lieu of the deed to K. The husband voted and controlled the wife's stock in the directors' meetings, none of which she attended. Held, that the wife's title did not pass to the new corporation, she swearing that she never consented to the sale of her interest in the property, and the deed executed by K. to the new corporation remaining in her possession undelivered, though the directors' minutes recited that it was accepted.

### 5.—Same—Estoppel of Married Woman—Pleading.

A married woman is not estopped by the acts and representations of her husband, nor by her own conduct unless she is guilty of some act of fraud, and an estoppel, to be available, must be pleaded by the party claiming the benefit thereof.

Appeal from the District Court of Harrison. Tried below before Hon. R. B. Levy.

*T. P. Young* and *Chas. E. Carter,* for appellants.—1. Julia C. Harle having bought with her separate funds under the receiver's sale, the property in controversy, and had title vested in trustee for her use and benefit, was the true owner of the property as between her and the Texas Southern Railway Company, and the last named company being a new corporation and a reorganization of the old, could not acquire her title, unless it purchased same, and received conveyance therefor executed in accordance with law. Thayer v. Wathem, 44 S. W. Rep., 906; Carothers v. Alexander, 12 S. W. Rep., 4; Dawson v. McLeary, 29 S. W. Rep., 1044; Sulphur Springs & Mt. P. R. R. Co. v. St. L. A. & T. R. R. Co., 22 S. W. Rep., 107.

Mrs. Harle being a married woman could not convey her separate property except by deed joined by her husband. Rev. Stats., arts. 4310, 4313; Berry v. Donley, 26 Texas, 737; Smith v. Elliott, 39 Texas, 201; Fitzgerald v. Turner, 43 Texas, 79; Stone v. Sledge, 26 S. W. Rep., 1068; Railway Co. v. Durrett, 75 Texas, 48; Railway Co. v. Donahoo, 59 Texas, 128; Texas Trunk Railway Co. v. Hall, 24 S. W. Rep., 324; Stephens v. Shaw, 4 S. W. Rep., 458.

2. A deed absolute in form, deposited only as a security for the payment of a debt, is in legal effect a mortgage, and can not be regarded as a valid deed of transfer in a chain of title. National Bank of Texas v. Lovenberg, 63 Texas, 509; Kennard v. Mabry, 78 Texas, 156; Grey v. Shelby, 83 Texas, 408.

3.   Where a railroad is sold by a special commissioner at public auction under a decree of District Court, foreclosing liens on same and said sale is duly confirmed, the purchaser acquires the franchises and corporate property, and all of the rights of the sold out company; and a new company incorporated and organized to acquire such franchise and rights and property, must have a deed from such purchasers and the old company.   Rev. Stats., arts. 4549, 4550; Thayer v. Wathem, 44 S. W. Rep., 910; Carothers v. Alexander, 74 Texas, 309; McLeary v. Dawson, 87 Texas, 524; Atkins v. Gamble, 10 Am. Rep., 282; People v. Refinery Co., 18 Am. St. Rep., 843, S. C., 121 N. Y., 582.

*Scott, Jones & Gardner,* for appellee.—The purchaser of a railroad, together with all of its property, rights, privileges and franchises, at foreclosure sale does not acquire such title to the specific pieces of property owned by the corporation as makes it necessary for such purchaser to convey said property by deed, such purchaser only acquiring and becoming "the owner of said charter and corporators under the same, and vested with all the powers, rights, privileges and benefits thereof, in the same manner and to the same extent as if they were the original corporators of said company."   Arts. 4549, 4550, Rev. Stats.; Gulf, C. & S. F. Ry. Co. v. Crawford & Morris, 67 Texas, 700; C. & M. R. R. v. Morris & Crawford, 68 Texas, 59; Acres v. Moyne, 59 Texas, 623; Houston & T. C. Ry. Co. v. Shirley, 54 Texas, 138.

RAINEY, CHIEF JUSTICE.—The appellee sued Mrs. Julia C. Harle and husband, J. W. Harle, and Geo. W. Parrott, alleging that it is the owner of a line of railroad from Marshall, in Harrison County, Texas, to Winsboro, Texas, and owns and is in possession of the right of way, together with all the improvements, buildings, superstructures, ties, bridges, rails, viaducts, etc., and is the owner of certain franchises, rights and privileges by authority of its charter of incorporation extending through Lamar to and including Jefferson and certain intervening counties.   That it owns and is in possession of and is using certain terminal properties and facilities in the towns of Winnsboro, Gilmer, Harleton and Marshall, including car houses, engine houses, shops, warehouses, station houses, water stations, depots and depot grounds.   That defendants are claiming some right, title or interest in that part of the said property being located in the city of Marshall, Harrison County, including the side and spur tracks and grounds at the present depot of the plaintiff in Marshall, and also the line of railroad from Marshall to Montvale Springs in said Harrison County, Texas.   That said claim is a cloud upon plaintiff's title, and plaintiff prays for judgment removing said cloud.

Defendants answered that they disclaimed all title to all of the property sued for by appellee save and except that part of the railroad and right of way, equipment and appurtenances situated in Harrison County, Texas, and being the line of road, etc., from Marshall to Montvale Springs in said county, and described as follows: "The railroad extending northwest from Marshall to Montvale Springs, in Harrison County, Texas, said road lying in Harrison County, and now being operated under the name of the Texas Southern Railway Company,

including the right of way, roadbed, side tracks, depot grounds, depot buildings, warehouses, franchises, iron, superstructures, all bridges, culverts and appurtenances, all of which property is situated in the said county of Harrison." Defendants claimed title to said above described property as being the separate property of Mrs. Harle, and plead a general denial and not guilty. That same was bought for her at receiver's sale and paid for with her separate funds, and she prayed for affirmative relief. The defendants further averred that the property claimed by them had been placed in the hands of a receiver, it then being owned and operated by the Paris, Marshall & Sabine Pass Railway Company; that it had been sold by order of court, etc., and Mrs. Harle was the purchaser, and that title vested in her by reason of said sale.

Plaintiff then filed demurrers attacking defendant's plea of absolute ownership to the property claimed, which demurrers were sustained. After hearing the evidence the court instructed the jury to return a verdict for plaintiff.

Appellants assign as error the action of the court in sustaining the special demurrer to that portion of the answer claiming title to a certain portion of the railroad under a decree of the court in the receivership proceedings. This assignment is well taken, but the court's action became immaterial, as upon the trial evidence was admitted on all the matters pertaining to defendants' rights.

The court erred in instructing a verdict for plaintiff, and this is complained of. The record shows the following: "It was proven and admitted by both the plaintiff and defendants in open court that all of the property, corporate rights, franchises and privileges of the Paris, Marshall & Sabine Pass Railway Company were duly placed in the hands of J. W. Harle, as receiver, by an order of the District Court of Harrison County, Texas, in the suit of the First National Bank v. Paris, Marshall & Sabine Pass Railway Company, No. 7832 on the docket of said court; that on proper application the said court ordered all of the property to be sold under judgment, duly entered, foreclosing the mortgage in favor of the Central Trust Company, and appointed Amory R. Starr, special master commissioner to sell said property in accordance with said order; that the said property was regularly sold by said master commissioner on the 4th day of October, 1892, the property sold being fully described in the deed executed by Amory R. Starr, special master commissioner, to George W. Parrott. That at the said sale the property was bid in by George W. Parrott, of Atlanta, Georgia, for $16,000. that on the 5th day of October, 1892, the said District Court approved the said sale, and ordered the said special master commissioner to convey the same to George W. Parrott; that all of the proceedings and orders in said cause No. 7832 of First National Bank v. Paris, Marshall & Sabine Pass Railway Company, were regular and in due form, and that the plaintiff and defendants in this suit rely upon the said order and sale as the source of the respective titles claimed by them."

There was testimony that the consideration for the property so sold by decree of the court was paid out of the separate funds of Mrs. Julia C. Harle, wife of J. W. Harle, and that the deed made to said Parrott

was for the use and benefit of Mrs. Harle. If this testimony be true, Mrs. Harle became vested with the absolute title to the property, and the only way to divest her of the title was by written transfer duly acknowledged by her, or by estoppel or limitation. Thayer v. Wathen, 17 Texas Civ. App., 382, 44 S. W. Rep., 906, and authorities there cited. Whether or not the property was purchased with Mrs. Harle's separate funds was a question that should have been submitted to the jury for their determination. There is testimony that out of the consideration paid for said property at the sale under the decree, $4,000 was borrowed from the First National Bank of Marshall by the Harles, and to secure same J. W. Harle requested Parrott to execute a deed to E. Key, who was connected with the bank. A quitclaim deed was executed in compliance therewith, and Key held the said deed only as security for said sum. After the sale by order of court said road was operated under the name of Paris, Marshall & Sabine Pass Railway Company until some time in 1897, when the Texas Southern Railway Company was chartered for the purpose of acquiring the rights of the Paris, Marshall & Sabine Pass Railway Company and operating said road under the name of the Texas Southern Railway Company. The Texas Southern Railway Company was organized March 16, 1897, J. W. Harle being present as one of the stockholders. Directors were elected. On May 21, 1897, E. Key executed a deed to the Texas Southern Railway Company conveying the said property to it. The minutes of a meeting of the board of directors of the Texas Southern Railway Company, held May 24, 1897, recites that the deed from Key was accepted. J. W. and Julia C. Harle both testified that said deed was never delivered, but remained in the possession of Mrs. Harle. The Texas Southern Railway Company, upon its organization, executed its certificates of stock to certain parties, among whom was Mrs. Harle, and to her they issued 150 shares of the value of $100 each. The certificates issued to Mrs. Harle were endorsed in blank by her and were hypothecated by her husband, J. W. Harle, part of them being placed with E. Key to secure the said $4,000 indebtedness to the bank instead of the deed from Parrott to Key. J. W. Harle, by verbal authority of Julia C. Harle, controlled and voted her stock in the directors' meetings. Mrs. Harle never attended the meetings, and she swears she never consented to the sale of her interest in said property. In 1897 the Texas Southern Railway Company took possession of said property and operated it until the trial of this case.

The deed from Parrott to Key was only intended as a mortgage to secure the debt due the bank, of which the Texas Southern Railway Company had notice, and if the property sold under the decree of the court was paid for with the separate funds of Mrs. Harle, then there was no power in E. Key to convey her interest to the Texas Southern Railway Company. Under the statute only the purchasers can organize and operate under the original charter. If a new organization is formed by those not purchasers, such must become the owners by transfer or lease from the purchasers before they can legally manage and control. The evidence fails to show that Mrs. Harle ever conveyed her title in the manner prescribed by law for conveyance by married women.

But it is insisted that she is estopped by her acts from asserting

title. Plaintiff did not plead estoppel as against Mrs. Harle. Besides, the evidence does not show conclusively that she is estopped. A married woman is not estopped by the acts or representations of her husband; nor can she be estopped unless she is guilty of some act of fraud. Cauble v. Worsham, 96 Texas, 86, 70 S. W. Rep., 737.

The judgment is reversed and cause remanded.

*Reversed and remanded.*