SARAH E. O'BRIEN v. MARY E. CAMP ET AL.

Decided April 3, 1907.

**1.—Deed—Consideration—False Promises.**

Under the decisions of this State a deed induced by false and fraudulent promises on the part of the grantee, will be annulled.

**2.—Annulling Deed—Demurrer—Evidence—Harmless Error.**

While it was error to sustain an exception to so much of a petition as sought to annul a deed on the ground that it was procured by false and fraudulent promises, still the error was harmless when it appeared from the testimony of the grantor that the deed was not so procured, but the paper was signed under the belief that it was a will.

Appeal from the District Court of Atascosa County. Tried below before Hon. E. A. Stevens.

*John W. Preston* and *James Raley,* for appellant.

*Geo. M. Martin* and *Haltom & Bell,* for appellee.

JAMES, CHIEF JUSTICE.—The amended original petition of the appellant averred that a deed to the property in question was induced and procured from her to her daughter Mary E. Camp by undue influence, deception, and false and fraudulent promises made to her by defendants. The false and fraudulent promise alleged was that if she would give the property to Mary E. Camp, defendants would move to and live upon said property with plaintiff and give comfort to, take care of and provide for plaintiff during the balance of her life. That defendants persistently urged plaintiff to will said property to her said daughter, telling her that they would comply with their said promises after she made such will to Mary E. Camp. That she consented to do so and the paper was presented to her to execute, she being told that it was a will of the property to Mary E. Camp and reposing confidence in the statement and believing it to be such, she signed and acknowledged it. She was illiterate and old, could neither read nor write, that the instrument was not read nor explained to her and was executed at the home of her daughter Mary E. Camp. That she believed the instrument she was executing was a will leaving the house and lots to her said daughter at her death. That afterwards defendants failed to comply with said promises and she consulted an attorney who, to her surprise, told her it was a deed she had signed and not a will.

The pleading alleged in addition that, "in the event it is held that the instrument is a deed in law and in fact she now pleads a failure of consideration on the part of defendants Mary E. Camp and S. S. Camp, to wit: That said defendants falsely and fraudulently agreed as a consideration for plaintiff to execute said instrument of writing that they would in a short time move to and live upon said lots with plaintiff, give comfort to, take care of and provide for her during her life, and that the representations so made were deceitful, false and fraudulent and did, coupled with the deception and undue influence heretofore set out, influence and cause plaintiff to sign said instrument, and that she would not have signed the same had not said deceit, false and fraudulent promise been made to her by defendants. That defendants have wholly failed to carry out and perform their said false and fraudulent promises to plaintiff, though often requested.

"Wherefore plaintiff, because of said deception, false and fraudulent representations, undue influence and failure of defendants to execute said representations, asks the court to give her judgment cancelling and holding for naught said instrument of writing and that she be quieted in her title and possession of said lots, and for such other and further relief, general and special as she may be entitled to in law or in equity."

By what was styled a supplemental petition plaintiff made an express averment that at the time defendants made the false promise alleged, they did not intend to fulfil and carry it out.

Upon exceptions the court very properly struck from the said petition

certain oratorical expressions of the pleader. It however sustained an exception which was upon the ground "that plaintiff sought to engraft a parol condition subsequent to a deed duly executed and delivered, which the law will not permit." The record indicates that this ruling was excepted to. Its effect, as we perceive from the charge submitting the case, was to hold that the instrument, if intended as a deed, could not be set aside on account of the false and fraudulent promises. This view is not in accord with the decisions on the subject. Henderson v. San Antonio & M. G. R. R. Co., 17 Texas, 580; Clark v. Haney, 62 Texas, 511; Chicago, T. & M. Ry. Co. v. Titterington, 84 Texas, 218. The amended petition stated a case for the annulment of the instrument upon two grounds of fraudulent conduct. 1st. That plaintiff was misled into believing that the paper was a will, and thus executing it. 2d. That if this was not so, and she executed it as a deed, then she was entitled to have it set aside because it was procured from her by means of the false and fraudulent promises made.

It was error to strike out the latter feature of the petition on a demurrer. The contention of appellee is that if this was error, the testimony given by plaintiff at the trial shows conclusively that she was not prejudiced by the ruling, as her testimony at the trial was that defendants kept after her to will the property to Mary, that after awhile she told them to have a will prepared and she would sign it. That they had Henry Martin come to the house and she told him that she wanted him to write her will and he went to a table and had a paper, and asked her to sign it; that he did not read it to her nor explain it, and after she signed it he took it off; that she thought she signed a will and that she always said it was a will; that she did not intend to make a deed of conveyance and if she had known the paper was a deed she would not have signed it; that she told Henry Martin she wanted him to write a will, and she thought it was a will. She asserted that she had never stated to various persons named that she was going to deed or had deeded the property to her daughter.

Her testimony at the trial negatives the theory that she thought she was executing a deed, and shows that she had no case upon the theory of that part of the petition which was stricken out. In view of her testimony we are of opinion that she herself shows that she has sustained no injury by the ruling. The judgment is affirmed.

*Affirmed.*

Writ of error refused.