HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. E. T. BARDEN.

Decided November 9, 1910.

1.—Carrier—Injury to Freight—Measure of Damage—Pleading.

Ordinarily the measure of damage to freight by negligence of a carrier during transportation would be the difference between the market value of the article in the damaged condition at destination and what that value would have been had it not been damaged. Any facts which would take a case out of this general rule should be pleaded.

2.—Market Value—Testimony.

A witness who testified that he was not an expert in automobile values; that he was not engaged in buying or selling said machines; that he could not say how much the market value of the automobile in question was affected by the damage to it during transportation, would not be qualified to testify that the market value of the said machine was not materially affected by certain injuries received during transportation.

Appeal from the Sixty-first Judicial District, Harris County. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Parker & Garwood* and *Lane, Wolters & Storey,* for appellant.—Where personal property is injured in transit and the rule of damages applied is the difference between the market value of the article in the condition in which it was when delivered, and the condition in which it should have been when delivered, the wholesale and not the retail price of such article should govern in fixing the amount of damages. Wehle v. Haviland, 69 N. Y., 448; Starkey v. Kelly, 50 N. Y., 676; Moore on Carriers, p. 400.

*E. P. & Otis K. Hamblen,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Appellee sued appellant and the Chicago, Rock Island & Gulf Railway Company to recover damages to an

automobile sustained in the transportation of the same from Buffalo, New York, to Houston, Texas. The defendants answered only by a general denial.

It was admitted on the trial that the Houston & Texas Central Railroad Company was solely responsible, if the automobile was damaged in transit, and the suit was dismissed as to its co-defendant. The case then proceeded to trial against the appellant, which resulted in a verdict and judgment against it for $1073.68, with interest at the rate of six per cent per annum from date of the delivery of the machine.

The evidence shows that the automobile was shipped to plaintiff from Buffalo to Houston, and was uninjured and in good condition when received from its connecting carrier by the appellant; that when delivered at destination it had been injured; that the difference in the market value of the machine at Houston at the time it reached there in its damaged condition, and what it would have been if uninjured was $1073.68, as found by the jury.

Under the first and second assignments of error this proposition: "Where personal property is injured in transit and the rule of damages applied is the difference between the market value of the article in the condition in which it was when delivered, and the condition in which it should have been delivered, the wholesale and not the retail price of such article should govern in fixing the amount of damages,"—is asserted. No special charge embodying the proposition was requested, nor would the evidence excluded have tended to show the wholesale market value of the machine. Ordinarily, in a case like this, the measure of damages would be, as charged by the court, the difference in the market value of the automobile when it arrived at Houston and what that value would have been had it not been damaged when it arrived. If there were any facts which would take the case from the operation of the general rule and reduce the damages as measured by it, it would seem upon principle that they should have been specially pleaded.

The court did not err in overruling the defendant's motion for a new trial, for the evidence fully sustains the verdict.

The witness Wilson did not qualify himself to testify as to the market value of the machine, and his testimony was properly excluded. There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.