LAAS–JERSIG CO. v. SAN ANTONIO & A. P. RY. CO.   (No. 5884.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 10, 1917.)

APPEAL AND ERROR ⬅1040(1) — HARMLESS ERROR.

The sustaining of an exception to a part of a petition relating to measure of damages will not be considered, where plaintiff is not entitled to damages.

Appeal from De Witt County Court; R. J. Waldeck, Judge.

Suit by the Laas-Jersig Company against the San Antonio & Aransas Pass Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Schleicher & Harris, of Cuero, for appellant. Proctor, Vandenberge, Crain & Mitchell, of Victoria, Crain & Hartman, of Cuero, and Boyle, Storey, Ezell & Grover, of San Antonio, for appellee.

FLY, C. J. This is a suit for damages instituted by appellant against appellee, alleg-

ed to have accrued by reason of the failure of a connecting carrier with appellant to permit the firm of Lepman & Haggie, of Chicago, to inspect a certain carload of eggs sold by appellant to said firm, although the bill of lading provided that inspection should be allowed. It was also alleged that it was provided in the bill of lading that any loss or damage should be computed on the basis of the value of the property "being the bona fide invoice price, if any, to the consignee, including the freight charges, if prepaid," at the place and time of shipment. It was alleged that the eggs were to be delivered by appellant to Lepman & Haggie, f. o. b. Yorktown, for $7.80 per crate, freight to be paid by Lepman & Haggie, and they were to be allowed to inspect the eggs before accepting and paying for them. It was alleged that Lepman & Haggie refused to accept and pay for the eggs because they were not permitted by the connecting carrier to inspect them, and that appellant thereby was damaged in the sum of $649.72. A trial by the court resulted in a judgment in favor of appellee.

It will be noted that the only ground of negligence was the refusal to permit inspection of the eggs and the court concluded, and the evidence sustains the conclusion, that inspection was not refused, but was permitted, and an inspection had by Lepman & Haggie on the morning on which they demanded it. There was some conflict in the evidence which was resolved in favor of appellee's witnesses, and the action of the court in sustaining an exception to that part of the petition which sought to make the value of the property at the initial point of shipment the measure of damages can be of no practical importance. If appellant was not entitled to any damages, a measure of damages is not of any practical use. This disposes of the first and second assignments of error.

The evidence failed to show that appellee had any knowledge of the terms of the contract between appellant and the Chicago firm, but if such matter had been proved it could not avail anything, because the court found, and there is evidence to sustain the finding, that the terminal carrier did not refuse an inspection, but granted it on the morning when demanded. The only negligence charged was the refusal to permit inspection.

There is no error in the judgment and it is affirmed.

