## RILEY v. PALMER.　(No. 1882.)

(Court of Civil Appeals of Texas. Amarillo.
Jan. 11, 1922.)

1. **Parties 40(2)—Third party having interest in notes sued on held entitled to intervene.**

In an action on notes and to foreclose a vendor's lien thereon, a third party who had an interest in the notes by assignment or by lien is entitled to intervene in the suit to protect his interest.

2. **Appeal and error 1040(1) — Sustaining general demurrer harmless error where evidence subsequently passed upon.**

Where after sustaining a general demurrer the court nevertheless passes on the evidence and makes findings thereon, the erroneous action on the demurrer may be harmless.

3. **Brokers 60—Holder of vendor's lien notes agreeing to pay commission when first note paid held liable on rescinding sale and canceling notes.**

Where a holder of vendor's lien notes agreed to pay a third party a commission when the first note was paid, and subsequently voluntarily secured a rescission of the sale and cancellation of the notes instead of enforcing payment thereof by judgment and foreclosure, he became liable for the payment of the commission.

4. **Parties 48—General judgment against intervener held improper.**

Where one holding an interest in notes for commissions intervened in a suit on the notes and to enforce a vendor's lien, and a finding that the lien ought not to be enforced was proper, a general judgment against intervener held erroneous; the only judgment that would have been proper being one denying the lien and otherwise dismissing the intervention without prejudice to intervener's other rights, or one denying the lien, but settling and adjudicating the rights established on the trial.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by L. G. Palmer against S. R. Van Buskirk and others, wherein W. L. Riley intervenes. From the judgment, intervener appeals. Reversed and remanded.

M. Cammack, of Amarillo, for appellant.
Veale & Lumpkin, of Amarillo, for appellee.

BOYCE, J. L. G. Palmer brought this suit against S. R. Van Buskirk and the Plains Cooperative Company, pleading in two counts: First, to recover a balance due on five promissory notes executed by Van Buskirk and payable to plaintiff, notes 1, 2, 3, and 4 being for $3,000 each, and note No. 5 being for $1,500, with a credit of $1,000 on note No. 1, and to foreclose a vendor's lien on certain property in the city of Amarillo expressly

retained to secure the payment of said notes in a deed of conveyance of said property from plaintiff to defendant Van Buskirk; second, to recover the property so conveyed by plaintiff to the defendant Van Buskirk. Appellant, W. L. Riley, intervened, alleging that Palmer owed him $750 commission on the sale of the property to Van Buskirk, and had agreed to pay said commission "out of the first proceeds collected on said notes," and, further, that "plaintiff assigned to intervener an interest in said notes sufficient to pay said amount as commission on said deal," and that he further "agreed that said notes or the first proceeds thereof should be held as collateral or security for the payment of said commission due intervener." The intervener prayed for a judgment for his debt and foreclosure of his lien, etc.

The court required Palmer to make other parties defendant, and the intervener, Riley, was one of the defendants thus brought in. He filed his answer, adopting the allegations of his plea of intervention. Further reference to the reason for requiring the making of additional parties is not material.

On the trial evidence was offered to sustain the allegations that Riley earned a commission on the sale of said property and also to the effect that at the time the sale was consummated Palmer needed the cash payment then made to discharge some liens against the property, and it was agreed that Riley would be paid his commission out of the first money paid on note No. 1, for $3,000; that afterwards this note was placed in the Amarillo National Bank for collection; that Palmer owed the bank $1,000 at this time, and it was then agreed between Palmer, Riley, and the bank that the bank should collect the note and out of the collection pay itself and they pay Riley the commission. This evidence offered by intervener was controverted by Palmer, who testified that he agreed "to pay Riley $600 commission when the first $3,000 note was paid," and denied that any agreement was made in reference to the bank paying Riley out of the collections on the note.

This case was tried without a jury, and on the close of the evidence the court' sustained Palmer's general and special exceptions to the intervener's plea and answer and rendered judgment that plaintiff recover the land. This judgment recites the ownership of the property by Palmer, the sale to Van Buskirk, and retention of vendor's lien to secure the payment of the note executed by him; that "the plaintiff has at all times since the execution of said notes been the owner and holder thereof, * * * and is at this time the legal and equitable owner and holder of said vendor's lien notes"; that default has been made in the payment thereof, and plaintiff is entitled to rescission and

---

cancellation of said sale. The judgment itself reads as if the demurrers were sustained before the evidence was heard, but it is stated in the bill of exceptions allowed by the court that the court at first overruled the exceptions to the plea of intervention, and "after hearing the evidence decided that he was in error," in such matter, and therefore "reversed his former ruling and sustained the general demurrer and special exceptions, * * * and refused to consider the evidence adduced so far as it pertained to the cause of action as contended for by said W. L. Riley and rendered judgment sustaining said general demurrers and special exceptions and in favor of plaintiff."

[1] If it be true that the intervener had an interest in the notes sued on by assignment or by lien thereon, it follows, we think, that he had a right to intervene in this suit and protect such interest. Jackson v. Fawlkes (Sup.) 20 S. W. 136; Field v. Gantier, 8 Tex. 74; Goldman v. Blum, 58 Tex. 630; Whitman v. Willis, 51 Tex. 421; G., H. & S. A. Ry. Co. v. Ginther, 96 Tex. 295, 72 S. W. 167; Townes on Pleading, pp. 293–296. We do not think the plea of intervention was subject to general demurrer. It is true, and we have recently so held (Patterson v. Citizens' National Bank of Lubbock, 236 S. W. 130), that a mere promise to pay out of a particular fund is not of itself sufficient to constitute an assignment of the fund or create a lien thereon. But the plea in this case, in addition to an allegation of such promise, further expressly alleges an assignment pro tanto and an agreement that the notes and their proceeds should be security for the payment of the commission payable to intervener.

Appellee urges, however, that even if the court was in error in sustaining the general demurrer, yet the judgment ought to be affirmed because the intervener was allowed to introduce all his evidence, and no other judgment could have been rendered thereon, and, further, that the court, notwithstanding his action in sustaining the demurrer, made findings on the evidence adverse to appellant thereon, and that his action in sustaining the demurrer was therefore harmless. We do not think that either of the propositions involved in this contention are well taken. The evidence is amply sufficient to show that Palmer owed the intervener a commission, though there is some dispute as to whether the amount thereof was $600 or $750. The evidence is also sufficient, we think, to present an issue as to whether it was the intention of the parties to charge the notes or the funds realized from their collection with the payment of this commission. Davis v. State National Bank, 156 S. W. 321; Atlanta National Bank v. Four States Grocery Co., 135 S. W. 1135; Ingersoll v. Coram, 211 U. S. 335, 29 Sup. Ct. 92, 53 L. Ed. 208; Patter-

son v. Citizens' National Bank of Lubbock, supra, and authorities there cited. The evidence does not, we think, conclusively establish such a charge because it is conflicting, but the intervener had the right to have the court pass on it and determine the conflict. But appellee contends that this was done, notwithstanding the general exception to the plea was sustained.

[2] If it were true that the court did pass on the evidence and find thereon, notwithstanding the sustaining of the demurrer, then such erroneous action on the demurrers might have been harmless. McClenny v. Floyd, 10 Tex. 163; Drummond v. National Bank, 152 S. W. 739; Ralls v. Parish, 151 S. W. 1092; Staples v. Word, 48 S. W. 751; Harle v. Texas Southern Ry. Co., 39 Tex. Civ. App. 43, 86 S. W. 1048; O'Brion v. Camp, 46 Tex. Civ. App. 12, 101 S. W. 557. But it is expressly stated in the bill of exceptions that the court finally refused to consider the evidence in support of intervener's plea. This statement in the bill of exceptions is not inconsistent with the findings made by the court in the judgment. The same judgment in which these findings are made sustains the exceptions to the plea, and, taking the record as a whole, it is apparent that in arriving at the findings of fact made in the judgment the court did not take into consideration the evidence offered by intervener. It is clear, we think, that intervener did not have the trial of his rights that he was entitled to, and for this error the judgment must be reversed and remanded. We cannot render the judgment as intervener insists that we do, because the question of a lien on the notes is an issuable fact that must be determined on another trial; also because the amount of the commission is a matter of dispute. If the intervener has an interest in these notes to secure the payment of his commission, the appellee cannot cancel the sale and recover the land without satisfaction of this claim, and the intervener has the right to have the vendor's lien foreclosed and the proceeds of the foreclosure applied pro tanto in discharge of his claim.

[3] Even if the court had determined from the evidence that the intervener has no lien to secure the payment of the commission, we are inclined to the opinion that the court should, nevertheless, have rendered a personal judgment in his favor against Palmer. According to Palmer's own testimony, he agreed to pay intervener the commission when the first $3,000 note was paid. Now, when he voluntarily secured a rescission of the sale and cancellation of the notes instead of forcing payment thereof by judgment and foreclosure, we think he thereupon became liable for the payment of said commission. Walker v. Phillips, 35 Tex. 785; Nalle v. Paggi, 81 Tex. 201, 16 S. W. 932, 13 L. R. A. 50; Wolf v. Marsh, 54 Cal. 228; Teachenor

v. Tibbals, 31 Utah, 10, 86 Pac. 483; Paige on Contracts (2d Ed.) §§ 2912 and 2913.

[4] Under such circumstances the court ought not to render a general judgment against the intervener. Only one of two judgments would do justice in such case: One denying the lien and otherwise dismissing the intervention without prejudice to intervener's other rights; the other denying the lien, but settling and adjudicating the rights established on the trial. When the court acquired jurisdiction to hear the issue made by the plea of intervention, and in the trial of such issues the facts were fully developed, and showed the intervener entitled to some relief, though not the full relief prayed for, we see no good reason why judgment should not be rendered granting the relief to which the intervener was entitled. Under the circumstances no delay or interference with the disposition of the main case would be caused thereby, and such course would avoid a multiplicity of suits, which is always to be desired. Eckford v. Knox, 67 Tex. 200, 2 S. W. 372; Chambers v. Cannon, 62 Texas. 293; Fleming v. Seeligson, 57 Tex. 524; Bank v. Weems, 69 Tex. 489, 6 S. W. 802, 5 Am. St. Rep. 85; Standard Enc. of Pleading, vol. 14, p. 335. The authorities cited are not directly in point, but they establish and illustrate the application of principles which would favor a final adjudication of all the rights of the intervener in respect to his claim for a commission and lien to secure the payment in the one trial, under the circumstances of this case.

Reversed and remanded.