**DRIGGERS et al. v. PHILADELPHIA UNDERWRITERS AGENCY OF FIRE INS. ASS'N OF PHILADELPHIA et al. (No. 1159.)**

(Court of Civil Appeals of Texas. Amarillo. April 12, 1922.)

1. Insurance ⊙⟹309, 335(3) — Statute that breach of "warranty" not contributing to loss shall be no defense applies only to warranties breach of which might cause loss, and does not affect clause requiring inventory.

Act 1913, c. 105 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a), providing that no breach of "warranty" shall be a defense under an insurance policy unless it contributed to the destruction of the property, refers only to warranties the breach of which might contribute to or bring about loss, and does not invalidate a policy clause requiring insured to keep an inventory and books showing stock of merchandise on hand.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Warranty.]

2. Appeal and error ⊙⟹925(2), 1040(6)—Erroneous excluding of issues by ruling on demurrer held cause for reversal, as it will not be presumed that issue was tried.

The erroneous sustaining of exceptions to allegations in answer of breach of warranty in policy on ground that breach could not have contributed to loss *held* reversible error, though there was no statement of facts, for it presented an issue, and it will not be presumed that a

trial of an issue was had in the face of a ruling against it, and without a pleading to authorize it.

3. **Abatement and revival** ⬉➞40 — **Appeal and error** ⬉➞1040(6) — **Insurance** ⬉➞612(1) — Failure to submit to examination suspends, but does not bar, recovery, and is pleadable in abatement, not in bar; wrongful sustaining of exceptions to plea is not ground for reversal, where appellants have waived plea.

Failure or refusal of insured to submit to an examination under oath by any person named by the company as prescribed by the insurance contract after a loss does not bar recovery, but merely suspends the right until complied with, and such failure must be pleaded in abatement and not in bar, but the court's wrongful sustaining an exception to such a plea is not ground for reversal, where appellants waived the plea.

Appeal from District Court, Wichita County; E. W. Nicholson, Judge.

Suit by W. F. Driggers and others against the Philadelphia Underwriters Agency of the Fire Insurance Association of Philadelphia and another. Judgment for plaintiffs, and defendants appealed to the Court of Civil Appeals, which certified questions to the Supreme Court, which were answered holding certain clauses in insurance policies valid (238 S. W. 633). Opinion conforming to Supreme Court's answers to certified questions. Reversed and remanded.

Crane & Crane, of Dallas, for appellants.
Smoot & Smoot, of Wichita Falls, for appellees.

BOYCE, J. Appellees, W. F. Driggers and T. J. Taylor, sued the appellant Philadelphia Underwriters Agency of the Fire Insurance Association of Philadelphia and North British & Mercantile Insurance Company of London and Edinburg on two policies of fire insurance, issued by the said insurance companies, respectively, insuring a stock of merchandise and the furniture and fixtures used in connection with the business. This appeal is from a judgment in favor of the plaintiffs in said suit.

[1] The defendants in their answers alleged that each of said policies contained a provision that the insured would make and keep certain inventories of the stock of goods covered by the insurance, and keep a set of books and accounts which would present a complete record of the business transacted in respect to the stock of merchandise, and should keep said inventories and books in a fireproof safe at night, or in some secure place not exposed to a fire which would destroy the building in which the business was being conducted, and in the event of loss or damage to the property insured the said books and inventories, and each of them, "must be by the insured delivered to the company for examination or the policy shall be null and void and no suit or action shall be maintained hereon for any such loss." The provision set out at length in the answer is in identical terms with the "record warranty clause," copied in the opinion of this court in the case of McPherson v. Camden Fire Insurance Co. (Tex. Civ. App.) 185 S. W. 1056. The defendants allege that the plaintiffs had failed and refused to comply with each and all of such requirements, and that such policies were for such reason null and void. The court sustained a special exception to these allegations in the answer of each of the defendants because the failure to comply with the provisions therein set out could not in any way have contributed to the loss, and therefore under the provisions of Act of 113, p. 194 (Vernon's Sayles' Civil Statutes, art. 4874a), constituted no defense. Appellant's first assignment of error complains of this action of the trial court.

At the time of the original submission of the case there was a conflict in the decisions of the Courts of Civil Appeals as to whether the act referred to applied to the provisions in the policy commonly known as the "record warranty clause," and we certified the question to the Supreme Court. The question was in the meantime decided on opinion of the Commission of Appeals, adopted by the Supreme Court. McPherson v. Camden Fire Insurance Co. (Tex. Civ. App.) 222 S. W. 211; Providence Washington Insurance Co. v. Levy & Rosen (Tex. Com. App.) 222 S. W. 216; Ætna Insurance Co. v. Waco Co. (Tex. Com. App.) 222 S. W. 217; Merchants' & Manufacturers' Lloyd's Insurance Exchange v. Southern Trading Co. (Tex. Com. App.) 229 S. W. 315; and Humphrey v. National Fire Insurance Co. (Tex. Com. App.) 231 S. W. 750. And the Supreme Court has specifically in this case answered our certified question, holding that the trial court erred in sustaining the exceptions to defendant's pleading above referred to. For this reason the case will be reversed.

[2] Appellee insists that the error in sustaining the exception above referred to became harmless because the court admitted testimony on the issue, and found that the evidence conclusively established that the insured had not breached these provisions of the policy. There is no statement of facts in the record. The issue was not submitted to the jury; the only issue submitted being as to the value of the merchandise and furniture destroyed by the fire. The transcript contains a bill of exception taken by the appellants to the action of the court in refusing to peremptorily instruct the jury to return a verdict for them. In this bill of exceptions it is stated that the undisputed evidence showed that the policy contained the clause that we have referred to; that the defendants had failed to make and keep the books therein provided as presenting a

complete record of the business, and had failed and refused to keep and preserve the inventories of stock taken as therein provided, and had failed to present all such records to the appellants. This bill was allowed by the court, with the following qualification:

"The charge mentioned was refused because the evidence showed that the books kept showed the full condition of the business, and was at least a substantial compliance with the stipulation of the policy, and, further, because the failure, if any, to make or keep further books or inventories became immaterial in view of chapter 105, § 1, p. 194, of Acts 33d Leg."

The appellants, having accepted the bill with the qualification, are bound by the statements contained therein. San Antonio Traction Co. v. Settle, 104 Tex. 142, 135 S. W. 116. This bill of exceptions, then, with the qualification, shows that, notwithstanding the exception to the pleading above referred to was sustained, some evidence at least was heard on the issue. However, the qualification does not show that the records were preserved, as required by the provisions of the policy, unless the word "kept" as used by the court in the qualification has this meaning. The recitation of facts in the bill should be qualified only by the limitation imposed upon it by the court, and we had concluded before we certified the case, and adhere to that conclusion, that the term "kept," as used by the court in the qualification, has reference to the clerical act of keeping the books, and not to their preservation from destruction by fire, and that, notwithstanding the fact that the court may have relaxed the ruling on the demurrer to the extent of allowing some evidence on the issue, how and by whom it was offered, we cannot, of course, say, without a statement of facts, he ultimately adhered to the ruling on the exception, and the defendant was denied any real benefit of the defense. The ruling on the demurrer was erroneous, and would constitute error in the absence of a statement of facts because by it the appellants were deprived of a good defense, and it would not be presumed that a trial of an issue was had in the face of the ruling of the court and without pleading to authorize it. If, however, the record had shown that, although the demurrer had been sustained, the parties were allowed to freely introduce evidence on the issue, and the issue of fact made was determined by the triers of the facts in the case, or if it should have been developed from a full investigation of the facts that the allegations could not be supported by evidence—in short, if the record had shown that the facts were fully developed and the defendant had a trial on the issue, and it was given the effect that it would have been entitled to had the demurrer not been sustained, then the action on the demurrer would be harmless, and would not require the reversal of the case. McClenny

v. Floyd's Adm'r, 10 Tex. 163; Drummond v. Allen National Bank (Tex. Civ. App.) 152 S. W. 739; Ralls v. Parish (Tex. Civ. App.) 151 S. W. 1092; Staples v. Word (Tex. Civ. App.) 48 S. W. 751; Harle v. Texas Southern Railway ·Co., 39 Tex. Civ. App. 43, 86 S. W. 1048; O'Brien v. Camp, 46 Tex. Civ. App. 12, 101 S. W. 557. As we have already said, we do not think that the record shows that in the end a trial of this issue was had, but that the court ultimately held to his ruling on the demurrer, so that the error was not cured by the subsequent proceedings.

[3] The appellants also pleaded that the policies of insurance sued on provided that the insured should, as often as requested, submit to examination under oath by any person named by the company, and subscribe the same; that after the fire appellants demanded that the appellees each appear at a time and place named and submit to such examination, the time and place named being alleged to be in all things reasonable, and that said appellees, and each of them, refused to submit to such examination; that immediately following the provision for examination the policies contained this provision:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements."

The court also sustained the appellee's exception to this pleading. The Supreme Court also held, in answer to the question we certified to it, that it was error for the trial court to sustain such exception, but did not answer our further question as to whether this action alone would require a reversal of the case. This last question was put by us in view of the fact that we considered the plea as one in abatement, and we stated in connection with the questions certified to the Supreme Court that the pleading referred to followed the general denial and other matter pleaded in bar by the defendants, and appeared as a plea in bar, and also that no action was taken on the pleading until a succeeding term of the court; our thought being that, if it was a plea in abatement, it might be held to be waived because not pleaded in regular order and not seasonably called to the attention of the trial court. To be more specific as to the record, the answer of the appellants containing this plea was filed on December 5, 1914. No action thereon appears to have been taken, or invoked by appellant, until the case was finally tried on March 30, 1916, at a term of court beginning March 6, 1916. It is apparent that not only one but two or three terms of court had passed after the filing of the plea before any action thereon was invoked by the appellants. The opinion of the Supreme Court confirms our view that the plea is one in

abatement, referring with approval to the opinion of the Commission of Appeals in the case of Humphrey v. National Fire Insurance Co. (Tex. Civ. App.) 231 S. W. 750. Under the facts stated, we think that the appellants waived the plea, and we would not reverse the case on the assignment complaining of the action of the court in sustaining the demurrers to the plea, which action was taken at the trial of the case in March, 1916. Humphrey v. National Fire Insurance Co. (Tex. Civ. App.) 231 S. W. p. 753, subd. 4.

Reversed and remanded.