## OBETS v. OPPENHEIMER et al.

### No. 4033.

Court of Civil Appeals of Texas. Amarillo. Sept. 6, 1933.

J. T. Spann, of Crystal City, for plaintiff in error.

John L. Pranglin, of Pearsall, and H. M. Zuercher and Vander Hoeven & Greathouse, all of San Antonio, for defendants in error.

HALL, Chief Justice.

Charles Obets, joined by his former wife, Anna Obets, sued Jesse D. Oppenheimer and his wife in trespass to try title to recover 200 acres of land in Frio county; said tract being described by metes and bounds and other sufficient description in the petition.

In addition to the formal allegations of a petition in trespass to try title, they alleged that the defendants well knew during the previous twenty years that said tract of land was occupied by plaintiffs as their homestead, that plaintiffs had no other home, and defendants willfully and with malice dispossessed them, forcing them to remove from the premises; and that said forcible removal from the premises placed plaintiffs in a homeless and helpless condition, causing them great distress and to live without shelter and forcing them to become common beggars upon the cold charity of the public, to their actual damages in the sum of $5,000 and exemplary damages in the sum of $20,000. They also sued for $1,200 rental value of the premises and for $4,800 as rents for previous years.

The defendants answered by general demurrer and by two so-called "special exceptions," as follows:

"(b) Specially excepting thereto, defendants say that the 200 acres of land described as part of the Anastacio Satuche Survey No. 1180, abstract 602, certificate 406, in Frio County, Texas, and sued for herein, are described in such a vague and indefinite manner that it is impossible for defendants to determine what particular 200 acres of land are involved in this suit and plaintiffs should be compelled to describe said 200 acres so sued for herein with sufficient certainty to enable defendants to identify the same.

"(c) Specially excepting to section 'Third' of plaintiffs' said amended petition, these defendants say that the allegations therein set out are wholly insufficient to warrant the recovery of actual damages and exemplary damages, or either, and are not a proper measure of damages; that said section 'Third' consists of conclusions of the pleader instead of stating facts, and does not constitute proper measure of damages either actual or exemplary."

Defendants answered further by general denial, and specially alleged that Charles and Anna Obets were not husband and wife, but on October 19, 1915, at a regular term of the district court, a judgment was entered divorcing said parties; said cause being numbered 1435 on the docket of the district court of Frio county. That in said action Mrs. Anna Obets was awarded a decree dissolving and annulling the bonds of matrimony existing between them and by said decree their property rights were settled and adjusted. That amongst other property, the tract of 200 acres of land in controversy in this suit was set aside and awarded to Charles Obets and the title thereto divested out of the said Anna Obets by said judgment. That said judgment still remains in full force and effect. That said Charles and Anna Obets are the identical persons who are plaintiffs in this suit. That they have never again married since said divorce decree was entered, and that said Charles Obets ever since said 19th day of October, 1915, has been, and still is, a single man.

Defendants further pleaded not guilty and set up the fact that on February 21, 1927, in a suit therein pending, numbered 2311 and entitled Lillie H. Oppenheimer et al. v. Chas. Obets, Sr., et al., wherein these defendants, Lillie H. and Jesse D. Oppenheimer, were plaintiffs and the said plaintiff Charles Obets and one Hugh C. Obets and one Ella Obets were the defendants, judgment was recovered by said Oppenheimers, plaintiffs, against said three defendants for the title to and possession of, together with certain other property, the 200 acres of land involved in this suit, and that said judgment and decree is res judicata of all rights claimed by the plaintiffs in this action. That the said 200 acres of land involved is now the separate property and estate of Lillie H. Oppenheimer.

The case was tried to the court without a jury and resulted in a judgment which recites that the defendants' special exceptions numbered (b) and (c), set out above, are sustained; that plaintiffs were granted leave to amend and declined to do so. The judgment further recites: "The defendants likewise presented to the Court in connection with the record herein their plea of res judicata set out in their said original answer, and the argument of counsel thereon being heard, it is the opinion of the Court that the law upon said plea is for the defendants. 'It is therefore considered and adjudged by the Court that the defendants' said plea of res judicata be and the same is hereby sustained." The judgment further recites that: "The Court being duly advised in the premises, finds that all the material allegations contained in the defendants' said answer are true and accordingly the Court doth find for the defendants." The judgment decrees a recovery of the land in favor of Mrs. Oppenheimer and describes the premises exactly as described in the plaintiffs' petition.

The brief of appellants contains only two assignments, the first asserting error on the part of the court in sustaining exception (b), which challenges the sufficiency of the description of the property as set out in the petition. The second assignment challenges the action of the court in sustaining exception (c), which exception attacks the allegation of damages for wrongful eviction. These assignments are followed by two propositions which are mere abstractions. The propositions will not be considered, but under R. S. art. 1757, as amended by the Acts 42d Legislature, c. 45, § 1 (Vernon's Ann. Civ. St. art. 1757), we feel that it is our duty to consider the assignments without regard to the propositions.

The record is before us without any statement of facts or findings of fact by the court.

■■ We think the description of the land as set out in the petition, and which the court copied into the judgment, is sufficient for identification, and since there is no statement of facts we must assume that the evidence supported the allegations and satisfied the mind of the court that the land in controversy was properly described and could be found upon the ground.

The land is described in the petition as follows: "200 acres of land in Frio County, Texas, lying N.E. and near the town of Moore, Texas; said 200 acres of land being a part of the Anastacio Satuche Sur. No. 1180, Abst., No. 602, Certificate No. 406 and that portion of said Survey that lien [s] and adjoins the I. & G. N. Ry. right-of-way on the east; said 200 acres of land being out of the south end of that certain 816 acres of land, conveyed by the San Antonio National Bank to Charles Oberts, by deed dated September 22, 1897, and recorded in deed records of Frio County, Texas, in Vol. W, pages 84 and 85, to which reference is hereby made, said 200 acres of land is bounded on the west by the east line of the I. & G. N. Ry. right-of-way on the south by public road running from S. A. and Laredo Main highway to Bigfoot road; on the east and S.E. by the west line of the Big Foot public road and on the north by a line running at right angle with the I. & G. N. right-of-way in an easterly direction to the Big Foot Public road, will enclose with above lines and description 200 acres of land and being the same 200 acres of land known and designated occupied and claimed as the Charles Oberts homestead tract, the plaintiff beginning about Jan. 1904, occupied, improved, used, claimed and designated said 200 acres of land as their homestead tract and having no other homestead tract, nor never 'acquired any other homestead tract."

■ We are of the opinion that from the above description, which appears to be unusually specific and definite, the land sued for could be identified when the entire description is considered, even without the introduction of extrinsic evidence. If it is necessary to do so, we must presume in this case that extrinsic evidence was introduced which convinced the trial judge that the land was fully and correctly described in the petition, since the judgment describes it in the same way. Battle v. Wolfe (Tex. Civ. App.) 283 S. W. 1073; Harbinson v. Cottle County (Tex. Civ. App.) 147 S. W. 719; 14 Tex. Jur. 899, § 201; 990, § 202; 992, § 204; 63 C. J. 1174, § 44.

■ Although the court sustained the exception to the sufficiency of the description in the petition, which the plaintiffs refused to amend, it clearly appears that the court thereafter heard the case upon its merits and in entering his judgment adopted the de-

scription given in the petition and entered his decree without reference to his action in sustaining the exception; so, if it be admitted that he incorrectly sustained the exception, the error, if any, is harmless. Paddleford v. Wilkinson (Tex. Civ. App.) 194 S. W. 467; Riley v. Palmer (Tex. Civ. App.) 237 S. W. 326.

Paragraph Third of the petition, to which the court sustained general exception (c), is as follows: "Third: These plaintiffs would further show to the court that the defendant well knew and had known for the past 20 years that said above mentioned 200 acres of land were occupied, used, claimed and designated as their homestead, and that the said plaintiffs had no other place for a home and did unlawfully, willfully and with malice, force these plaintiffs from said premises without rights and that the forceable removal from said premises of plaintiffs would place the plaintiff in a homeless and helpless condition and would cause the plaintiff great distress, to live without shelter and force them to become common beggars upon the cold charity of the public; that said removal did cause plaintiff to become homeless and helpless and they did suffer great loss for shelter and food causing untold misery and distress damaging the plaintiff in actual damages in the sum of $5,000.00 and as exemplary damages in the sum of $20,000.00 for which these plaintiffs pray judgment."

■ It will be observed that this is an effort to recover damages for an unlawful and malicious eviction. No date is alleged and the allegation is not sufficiently specific as to the damages actually sustained. It is not shown that they were evicted by attachment, sequestration, or other like process which had been wrongfully and illegally issued, and in our opinion no grounds for either actual or exemplary damages have been shown. If they were damaged in the original action brought against them by the Oppenheimers, they might recover such damages as are authorized by the statute. We do not know, in the absence of a statement of facts, what issues were involved in that suit.

■ Sustaining exceptions to allegations relating to the measure of damages will not be considered where the plaintiff is not entitled to damages. Laas-Jersig Co. v. S. A. & A. P. Ry. (Tex. Civ. App.) 197 S. W. 1002; Rosser v. Levi (Tex. Civ. App.) 210 S. W. 314.

■ Since the plaintiffs did not recover the land and they did not except to the judgment decreeing a recovery of the land to the defendants, the error, if any, in sustaining exception designated (c) is harmless. Yeager v. Scott & Sanford (Tex. Civ. App.) 132 S. W. 83; Harrison v. St. Louis Union Trust Co. (Tex. Civ. App.) 147 S. W. 875.

We think the defendants were entitled to recover under their plea of res judicata and upon the presumption that the evidence sustained the pleading.

The former opinion is withdrawn, and the judgment based thereon is set aside, and the judgment rendered by the trial court herein is affirmed.